**Edward T. HANLEY, et al., Plaintiffs,**

v.

**OMARC, INC., et al., Defendants.**

**No. 97 C 7024.**

United States District Court,
N.D. Illinois,
Eastern Division.

May 4, 1998.

Mark A. Spadoro, John Thomas Kennedy, Anthony E. Napoli, Rathna Chikkalingaiah, Hanley & Spadoro, Chicago, IL, for Plaintiffs.

Donald Gottesman, Law Offices of Donald Gottesman, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendants Omarc, Inc. and Allan Meltzer's motion (1) to dismiss plaintiff's case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a); (2) to transfer venue pursuant to 28 U.S.C. § 1404(a); and (3) to dismiss defendant Allan Meltzer for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). For the reasons that follow, the court (1) denies defendants' motion to dismiss for improper venue; (2) grants defendants' motion to transfer venue; and (3) denies defendants' motion to dismiss for lack of personal jurisdiction.

## I. BACKGROUND

Defendant Omarc, Inc. ("Omarc") was a New Jersey corporation with its principal place of business in Atlantic City, New Jersey. From 1967 through 1996, Omarc owned and operated a restaurant/bar in Atlantic City. From 1967 through 1978, the restaurant/bar was called "The Lemon Tree." From 1978 through 1995, the restaurant/bar was called "Aubrey's." From 1995 through 1996, the bar was called "Cheetah's." Although the restaurant/bar changed its name, it was always owned and operated by Omarc. Omarc sold its interest in Cheetah's in 1996, the same year in which Omarc was dissolved.

Omarc's sole business was running the restaurant/bar in Atlantic City. At the restaurant/bar, Omarc employed approximately twenty to twenty-five individuals. Omarc owned no property and had no offices, business locations, facilities, or company agents in Illinois. Omarc's officers never attended any meetings in Illinois which related to the operation of the restaurant/bar. Omarc has never maintained an office, telephone number, or been liable for taxes in Illinois.

At the time of incorporation, Omarc had three shareholders, Martin Meltzer ("Martin"), Richard Okonow ("Okonow"), and defendant Allan Meltzer ("Meltzer"), who all owned equal shares of the corporation's stock. Martin is a New York resident; Okonow is a Florida resident; and Meltzer is a New Jersey resident. From 1979 through 1996, Meltzer was President of Omarc. His responsibilities included managing Omarc's restaurant/bar in Atlantic City.

From 1980 through 1990, Omarc entered into certain collective bargaining agreements ("the agreements") with the Hotel Employees Restaurant Employees Unions, AFL—CIO, Locals 491 and 54 ("the Locals"). The Locals are located in New Jersey. The agreements were executed in New Jersey. The agreements required Omarc to make contributions on behalf of certain employees of the restaurant/bar to the Hotel Employees and Restaurant Employees International Union Welfare and Pension Funds ("the Funds"). The Funds are multiemployer plans which are administered in Naperville, Illinois. The contributions to the Funds were drawn on Omarc's funds and paid by checks drafted in New Jersey. The pay-

ments were delivered to the Funds on a monthly basis during the periods of January 1, 1980 through December 31, 1983 and January 1, 1992 through December 31, 1993.

During the mid–1990's, the Locals performed audits of Omarc's business records to determine whether Omarc accurately reported the names of employees who were eligible for contributions under the agreements. All of the audits of Omarc's business records occurred in New Jersey. After conducting the audits, the Locals contacted Meltzer and told him that there were nine employees who were eligible for contributions in 1992 and 1993. Eight of these nine employees reside in either New Jersey or New York.

Plaintiff Edward Hanley ("Hanley") is a trustee for the Funds. Hanley, along with thirty-three other trustees and the Funds, have filed a two-count complaint against defendants Omarc and Meltzer. Generally, plaintiffs allege that defendants have violated section 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145, and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. This court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132.

Count I of the complaint is against defendant Omarc. Count I alleges that Omarc entered into four different collective bargaining agreements covering the period of January 1, 1980 through August 31, 1993. Under the agreements, Omarc was required to pay employee benefits in the form of monthly contributions to the Funds, to submit monthly reports to the Funds, and to keep accurate records of the employees covered by the agreements. Plaintiffs allege that Omarc breached the agreements by failing to make the required monthly contributions and by omitting and failing to report accurately certain eligible employees for whom monthly contributions were due.

Count II is against defendant Meltzer and makes the same allegations against Meltzer that Count I makes against Omarc. Count 11 is pleaded in the alternative to Count I.

In response to plaintiffs' complaint, defendants Omarc and Meltzer have filed a motion to dismiss or, in the alternative, to transfer venue. Within defendants' motion are three separate motions: (1) a motion to dismiss plaintiff's case for improper venue; (2) a motion to transfer venue; and (3) a motion to dismiss defendant Allan Meltzer for lack of personal jurisdiction. The court addresses each of these motions in turn.

## II. DISCUSSION

### A. *Motion to dismiss for improper venue*

■ Defendants have moved to dismiss this case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), arguing that this district is an improper venue because this court lacks personal jurisdiction over either Omarc or Meltzer. Plaintiffs argue that venue is proper in this district because the Funds are administered here.

ERISA has a special venue provision. 29 U.S.C. § 1132(e)(2). Section 1132(e)(2) provides that venue is proper in the district court (1) where the plan is administered; (2) where the breach took place; (3) where a defendant resides; or (4) where a defendant may be found. 29 U.S.C. § 1132(e)(2).

In this case, the parties do not dispute that the plan is administered in this district. Therefore, venue is proper in this district. § 1132(e)(2); *see Trustees of the Hotel Employees & Restaurant Employees Int'l Union Welfare Pension Fund v. Amivest Corp.,* 733 F.Supp. 1180, 1183 (N.D.Ill.1990).

Defendants argue that venue is not proper in this district because the court lacks personal jurisdiction over both Omarc and Meltzer. Specifically, defendants argue that even if the plan is administered in a particular district, venue is not proper in that district unless the defendants have "minimum contacts" with the district. Defendants cite the cases of *McFarland v. Yegen,* 699 F.Supp. 10, 15 (D.N.H.1988), *Varsic v. United States Dist. Ct. for the C.D.Cal.,* 607 F.2d 245, 248 (9th Cir.1979), and *Amivest,* 733 F.Supp. at 1183, in support of their argument.

Defendants' argument is wrong for two reasons. First, defendants' argument ignores the fact that the ERISA venue provision is written in the disjunctive and, thus,

that venue is proper in an ERISA action either where the plan is administered *or* where the breach took place *or* where a defendant resides or may be found. Second, the cases on which defendants rely do not support their argument. In discussing the requirement of minimum contacts, each of those cases was discussing the issue of whether venue was proper in a particular district because the defendant could be "found" there. *See Varsic,* 607 F.2d at 247–50; *Amivest,* 733 F.Supp. at 1183; *McFarland,* 699 F.Supp. at 14–15. Those cases do not stand for the proposition that venue is proper in a district where a plan is administered only when the defendant has minimum contacts with that district.

In sum, the plan is administered in this district and the ERISA venue provision is written in the disjunctive; thus, venue is proper in this district. Accordingly, the court denies plaintiffs' motion to dismiss for improper venue.[1]

### B. *Motion to transfer venue pursuant to § 1404(a)*

■ Defendants have moved to transfer this case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a), arguing that the convenience of the parties and witnesses and the interest of justice weigh in favor of such a transfer. Plaintiffs argue that the case should be kept in Illinois because (1) plaintiffs' chosen forum is entitled to deference and (2) the court should pay deference to the special ERISA venue provision.

■ Section 1404(a), which governs the transfer of an action from one federal district court to another, provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A transfer under § 1404(a) is appropriate if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *Vandeveld v.*

*Christoph,* 877 F.Supp. 1160, 1167 (N.D.Ill. 1995). In determining whether a motion under § 1404(a) should be granted, the court must seek to promote the efficient administration of justice and not merely the private interests of the parties. *North Shore Gas Co. v. Salomon, Inc.,* 896 F.Supp. 786, 791 (N.D.Ill.1995). The determination of whether a case should be transferred pursuant to § 1404(a) is committed to the sound discretion of the trial court. *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1293 (7th Cir.1989); *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir.1986).

As explained above, venue is proper in this district because the plan is administered here. *See* 28 U.S.C. § 1132(e)(2); *supra* Part II.A. Further, the parties do not dispute that venue is proper in the District of New Jersey. What the parties dispute is whether the convenience of the parties and witnesses and the interest of justice weigh in favor of transfer. It is those two factors, therefore, that the court addresses.

### 1. Convenience of the parties and witnesses

■■ First, the court must consider the convenience of the parties and witnesses. When evaluating the convenience of the parties and witnesses, the court should consider: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums. *North Shore Gas Co.,* 896 F.Supp. at 791; *College Craft Cos., Ltd. v. Perry,* 889 F.Supp. 1052, 1054 (N.D.Ill.1995). The moving party bears the burden of showing that the transferee forum is more convenient. *Chemical Waste Management, Inc. v. Sims,* 870 F.Supp. 870, 876 (N.D.Ill.1994).

#### a. *Plaintiff's choice of forum*

■ In an ERISA action, the plaintiff's choice of forum is entitled to substantial deference, particularly where the chosen forum

---

1. Defendants have not argued that this district is an improper venue as to plaintiffs' LMRA claim against defendants. However, as the court is transferring this case to the District of New Jersey, the court need not discuss that issue.

is the plaintiff's home forum. *Central States, S.E. & S.W. Areas Pension Fund v. KAW Transp. Co.,* No. 96 C 7935, 1997 WL 135680, at \*5 (N.D.Ill. Mar. 21, 1997); *see also .Vandeveld,* 877 F.Supp. at 1167. However, where the plaintiff's chosen forum lacks any significant contact with the underlying cause of action, the plaintiff's chosen forum is entitled to less deference. *KAW Transp. Co.,* 1997 WL 135680, at \* 5 (citations omitted); *Central States, S.E. & S.W. Areas Pension Fund v. Gelock Transfer Line, Inc.,* No. 90 C 4317, 1991 WL 36919, at \*1 (N.D.Ill. Feb. 26, 1991). Further, while a plaintiff's choice of forum is an important consideration in determining whether a motion to transfer should be granted, it is not absolute and will not defeat a well-founded motion to transfer. *Applied Web Sys., Inc. v. Catalytic Combustion Corp.,* No. 90 C 4411, 1991 WL 70893, at \*3 (N.D.Ill. Apr. 29, 1991).

In this case, plaintiff's chosen forum is Illinois, which is also plaintiffs' home forum. However, Illinois lacks any significant contacts with the underlying cause of action. *See infra* Part II.B.1.b. The only relevant contact Illinois has with the case is that Illinois is where the Funds are administered. Therefore, the fact that Illinois is plaintiffs' chosen forum is entitled to some, but not substantial, deference.

### b. Situs of material events

New Jersey is the situs of all material events relevant to the underlying cause of action. The negotiations for the collective bargaining agreements took place in New Jersey. The agreements were executed into in New Jersey. The agreements covered employees who were employed in New Jersey. The alleged breach occurred in New Jersey. The audits took place in New Jersey. Accordingly, the fact that New Jersey was the situs of all material events related to the underlying cause of action weighs in favor of transfer to New Jersey.

### c. The relative ease of access to sources of proof

Defendants argue that the case should be transferred to New Jersey because the majority of documents relating to this cause of action are located there. Plaintiffs argue that the case should not be transferred because the findings of the relevant audits are located in Illinois. The court is satisfied, however, that either party can easily bring to the district those documents that are not there already. *See Chemical Waste Management,* 870 F.Supp. at 876. Therefore, this consideration neither militates for or against transfer.

### d. Convenience of the witnesses

"The convenience of witnesses is often viewed as the most important factor in the transfer balance." *Rose v. Franchetti,* 713 F.Supp. 1203, 1214 (N.D.Ill.1989); *see also Dunn v. Soo Line R .R. Co.,* 864 F.Supp. 64, 65 (N.D.Ill.1994). The determination of whether a particular venue is more convenient for the witnesses should not turn on which party produces a longer witness list. *Chemical Waste Management,* 870 F.Supp. at 876. Rather, the court must look to the nature and quality of the witnesses' testimony with respect to the issues of the case. *Vandeveld,* 877 F.Supp. at 1168. The court must also consider whether these witnesses will be subject to compulsory process and what it will cost to obtain the attendance of willing witnesses. *Applied Web. Sys.,* 1991 WL 70893, at \*5.

Plaintiffs have identified six employee-witnesses who could be called to testify at trial and who are all Illinois residents. In weighing the relative inconvenience of the witnesses, however, the court generally assigns little weight to the location of employee-witnesses. *Applied Web. Sys.,* 1991 WL 70893, at \*5. Also, plaintiffs have failed to make it clear why all six of these witnesses are necessary. From plaintiffs' submissions, it would appear that all of the relevant testimony could come from one witness and the other five would provide only cumulative testimony. Further, there is no indication that this employee-witness is not under plaintiffs' control and, thus, that he or she would not appear voluntarily.

Plaintiffs have also intimated that they might need to call a witness from Thomas Havey & Co., the auditor who performed the audits upon which this litigation is based.

Plaintiffs, however, have not identified a particular Havey employee. The court will not consider the convenience of such an unidentified witness as there is no way to tell whether that individual is an Illinois resident or not. *See Vandeveld*, 877 F.Supp. at 1167–68. Therefore, at best, plaintiffs have only identified one employee-witness who would be inconvenienced by a transfer to New Jersey but who would be likely to appear voluntarily.

Defendants have identified ten specific witnesses who they intend to call at trial and who have relevant testimony. The first of the ten is Terry McCabe, a New Jersey resident. McCabe is the chief negotiator and organizer for Local 54. Defendants state that McCabe will testify to the difference between the contracts signed by Meltzer and the other employers. McCabe would be subject to compulsory process in New Jersey but not in Illinois.

Eight of the ten witnesses identified by defendants are former employees who plaintiffs contend were eligible for contributions. These eight former employees are all residents of either New Jersey or New York. Those who are New Jersey residents would be subject to compulsory process in New Jersey but not in Illinois. For those who live in New York, travel to New Jersey would be less expensive and burdensome than travel to Illinois. Plaintiffs contend that the eight former employees identified would not necessarily have to testify; rather, documentary evidence would be sufficient. However, the live testimony of material non-party witnesses is preferred. *Applied Web Sys.*, 1991 WL 70893, at *5.

The tenth witness identified by defendants is Roy Silbert. Silbert is a resident of Washington, D.C. Thus, Silbert would be inconvenienced regardless of where the matter is litigated. Further, he would not be subject to compulsory process in either New Jersey or Illinois.

In sum, plaintiffs have not identified any non-employee-witnesses and, at best, have only identified one employee-witness who would be inconvenienced if the matter is litigated in New Jersey. In contrast, defendants have identified at least nine witnesses who will be inconvenienced if the case is tried in Illinois as opposed to New Jersey, some of whom would be subject to compulsory process in New Jersey but not in Illinois. Thus, on balance, it appears that New Jersey is a more convenient forum for those non-party witnesses who have testimony relevant to the issues in this case. Thus, this factor weighs strongly in favor of transfer.

### e. Convenience to the parties

The next factor the court should consider is the convenience of the litigants. Specifically, the court should consider their respective residences and their ability to bear the expenses of litigating in a particular forum. *Habitat Wallpaper & Blinds, Inc. v. K.T. Scott Ltd. Partnership*, 807 F.Supp. 470, 474 (N.D.Ill.1992). Transfer is inappropriate if it "merely transforms an inconvenience for one party into an inconvenience for the other party." *Chemical Waste Management*, 870 F.Supp. at 876 (citing *Sage Prods., Inc. v. Devon Indus., Inc.*, 148 F.R.D. 213, 216 (N.D.Ill.1993)).

In this case, there are two defendants: (1) a small, local corporation which was dissolved in 1996 and (2) an individual defendant who was President of the small, local corporation. In contrast, the plaintiffs are (1) large multiemployer pension and welfare plans and (2) the trustees of those plans. Based on the parties' submissions, the court finds that plaintiffs would be much better able to prosecute the action in New Jersey than defendants would be able to defend the action here. *See Gelock Transfer Line*, 1991 WL 36919, at *2; *see also Central States, S.E. & S.W. Areas Pension Fund v. Brown*, 587 F.Supp. 1067, 1071 (N.D.Ill.1984). Accordingly, this factor weighs slightly in favor of transfer.

### 2. Interest of justice

The final factor to be considered is whether transfer will serve the interest of justice. The "interest of justice" component "embraces traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses." *TIG Ins., Co. v. Brightly Galvanized Prods., Inc.*, 911

F.Supp. 344, 346 (N.D.Ill.1996). It includes such considerations as (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in their locale; and (4) the relation of the community to the occurrence at issue. *Symons Corp. v. Southern Forming & Supply, Inc.*, 954 F.Supp. 184, 187 (N.D.Ill.1997). The administration of justice is served more efficiently when the action is litigated in the forum that is "closer to the action." *Paul v. Land's End, Inc.*, 742 F.Supp. 512, 514 (N.D.Ill. 1990).

In this case, transfer will promote the interest of justice for a couple of reasons. First, New Jersey is undoubtedly the forum with the more significant contacts to the litigation. The only connection that Illinois has with the underlying cause of action is that this is where the plan is administered. All of the material events occurred in New Jersey. *See supra* Part II.B.1.b. Further, both defendants, the majority of witnesses, and the Locals are located in New Jersey. Thus, New Jersey is undoubtedly the forum "closer to the action."

Second, the parties vigorously dispute whether defendant Meltzer is subject to personal jurisdiction in Illinois. Defendants argue that Meltzer is not subject to personal jurisdiction in Illinois because (1) plaintiffs have failed to state an ERISA claim against Meltzer and, thus, the ERISA provision allowing for nationwide service of process is inapplicable and (2) Meltzer has no contacts, let alone "minimum contacts," with Illinois. Having reviewed the parties' submissions and arguments on the issue, the court finds that this matter must be resolved at a later stage of the litigation, leaving open the possibility that the court could find at a later time that it does not have jurisdiction over Meltzer. Transferring the case to New Jersey would eliminate any dispute as to whether the court has jurisdiction over Meltzer. This in turn will save scarce federal judicial resources.

The strongest consideration weighing against transfer "is that in ERISA actions such as this one, the interest of justice favors simplifying the collection of withdrawal liability by administrators of pension funds." *Gelock*, 1991 WL 36919, at *3. However, this interest is simply not strong enough to outweigh all of the other considerations discussed above.

### 3. Resolution

Based on the above considerations, the court has determined that this case should be transferred to the District of New Jersey, Camden Division. It is true that Illinois is plaintiffs' chosen forum. However, other considerations clearly outweigh the deference to be given that choice. First, New Jersey is the situs of all of the material events. Second, the convenience of the witnesses and parties favors transfer. Finally, the interest of justice will be served best by transferring this case to New Jersey as New Jersey is undoubtedly the forum "closer to the action" and Meltzer is subject to personal jurisdiction in New Jersey. Accordingly, defendants' motion to transfer this case to the District of New Jersey is granted.[2]

### III. CONCLUSION

For the foregoing reasons, the court (1) denies defendants Omarc, Inc. and Allan Meltzer's motion to dismiss for improper venue; (2) grants defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a); and (3) denies defendants' motion to dismiss for lack of personal jurisdiction as it is moot. Accordingly, this case is transferred to the United States District Court for the District of New Jersey, Camden Division.

2. Because the court is transferring this case to the District of New Jersey, the court need not address defendants' motion to dismiss for lack of personal jurisdiction as there is no dispute that defendants are subject to personal jurisdiction in New Jersey. Thus, defendants' motion to dismiss for lack of personal jurisdiction is denied as moot.