**CENTRAL STATES, SOUTHEAST & SOUTHWEST AREAS HEALTH & WELFARE FUND, Plaintiff,**

v.

**GUARANTEE TRUST LIFE INSURANCE COMPANY, Defendant.**

**No. 3:98 CV 7128.**

United States District Court, N.D. Ohio, Western Division.

June 16, 1998.

William J. Nellis, Central States, SE & SW Areas, Health, Welfare & Pension, Dept. of Law, Rosemont, IL, James L. Coghlan, Mary M. Morrissey, John A. Kukankos, Coghlan, Joyce, Kukankos & D'Arcy, Chicago, IL, for Plaintiff.

Jeffrey S. Goldman, William H. Barrett, Matthew W. Clanton, Fox & Grove, Chtd., Chicago, IL, Robert J. Gilmer, Eastman & Smith, Toledo, OH, for Defendant.

### MEMORANDUM OPINION

KATZ, District Judge.

This matter is before the Court on Defendant's motion to dismiss or alternatively transfer to the Northern District of Illinois. Also before the Court is Plaintiffs' opposition, supplemental materials and Defendant's reply thereto.

### BACKGROUND

Plaintiffs are the Trustees of Central States, Southeast and Southwest Areas Health and Welfare Fund ("Fund"). The Fund is an employee welfare benefit plan as contemplated under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002(1). Guarantee Trust Life Insurance Company ("GTL") is an Illinois corporation that sells excess accident and disability policies to schools and colleges. It is undisputed that both the Fund and GTL offer coverage to the same beneficiaries in Ohio, Illinois and Indiana. Beneficiaries under the Fund's benefit plan incurred medical expenses which the Trustees contend were subject to primary coverage from GTL.

In January 1998, Plaintiffs filed an action seeking declaratory and equitable relief against GTL in the Northern District of Illinois, Eastern Division. The action there sought to recover amounts due from the Defendant under coordination of benefits rules. Plaintiffs dismissed that suit on February 17, 1998. The Trustees filed this declaratory action on March 6, 1998 as to the conflict between the parties' coordination-of-benefits ("COB") clauses as related to their respective coverage for medical payments. In seeking to have the Fund's COB clause declared superior to that of GTL, Plaintiffs also seek reimbursement of medical costs paid to its beneficiaries who are also covered by policies of GTL.

### MOTION TO DISMISS

GTL moves for dismissal or transfer of this action for improper venue, contending that: (1) ERISA does not govern, therefore, venue is not appropriate under 29 U.S.C. § 1132(e)(2); (2) that venue is improper under 28 U.S.C. § 1391; and (3) even if ERISA governs, venue cannot be demonstrated under § 1132(e)(3). Alternatively, GTL moves for transfer of this action under 28 U.S.C. §§ 1441(a) or 1406(a).

*A. Propriety of Venue under ERISA.*

■ Under 29 U.S.C. § 1132(a), a fiduciary may bring a civil action:

(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

There is no dispute that the Trustees bring this action as fiduciaries of the Fund. Further there is no dispute that the Trustees seek to enforce the COB clause of their plan

over the conflicting clause of GTL. Plaintiffs' action for declaratory relief seeks to enforce the terms of its plan over that of GTL. In that sense, it is clear that Plaintiffs' action implicates ERISA.

Assuming *arguendo* that jurisdiction under ERISA is proper, the Court still must consider whether the venue chosen is appropriate. Under ERISA's jurisdiction provision, the action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or *may be found.*" 29 U.S.C. § 1132(e)(2).

Plaintiffs bear the burden of establishing venue. As both parties are located in Illinois, the relevant inquiry for the Court focuses on where the Defendant "may be found." Generally, it has been held that where the defendant meets the "minimum contacts" test for personal jurisdiction under *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), venue under ERISA is appropriate. *See Varsic v. United States District Court for the Central District of California,* 607 F.2d 245, 248 (9th Cir. 1979); *Bostic v. Ohio River Co. (Ohio Division) Basic Pension Plan,* 517 F.Supp. 627, 633 (S.D.W.Va.1981) (adopting *in personam* standard in *Varsic*).

GTL was issued a certificate of compliance by the State of Ohio's Department of Insurance, thereby, allowing it to conduct business in this state. Defendant does not dispute that it has issued numerous insurance policies to individuals residing in the Northern District of Ohio and as such has "purposely directed its activities" at Ohio residents. Thus, by its business actions, GTL is subject to *in personam jurisdiction,* thereby rendering it subject to being "found" in this district under ERISA's venue provision. On this basis, assuming jurisdiction under ERISA, venue is appropriate in this district.

**B. Propriety of Venue under 28 U.S.C. § 1331.**

■ Defendant also asserts that venue is inappropriate under 28 U.S.C. § 1391, which states in pertinent part:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

However, Defendant's reliance upon § 1391(b) is negated by provision (c)[1] which allows for venue when the defendant corporation is subject to personal jurisdiction at the time the suit is commenced. Therefore, under § 1391(c), venue is appropriate for federal question jurisdiction.

As the Court has determined that under either ERISA or federal question jurisdiction venue would be appropriate, under 28 U.S.C. § 1404(a), the Court turns to Defendant's alternative motion to transfer.

**C. Transfer Analysis Under 28 U.S.C. § 1404(a).**

■ A court may transfer "any civil action to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses, in the interests of justice." Factors relevant to this analysis include (1) convenience of the parties; (2) convenience of the witnesses; (3) the interests of justice; and (4) whether the civil action might have been brought in the district to which the movant requests a transfer. *Roberts Metals, Inc. v. Florida Properties Marketing Group, Inc.,* 138 F.R.D. 89, 91–92 (N.D.Ohio 1991), *aff'd* 22 F.3d 1104 (Fed.Cir. 1994). The Court has discretion in making such a determination. *Id.* The movant has the burden of demonstrating that a transfer is appropriate.

■ A plaintiff's choice of forum is generally entitled to be given substantial weight. However, several courts have indicated that

**1.** (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

if plaintiff chooses a forum that is not the plaintiff's residence, this choice is given less consideration. *See, Hanley v. Omarc, Inc.*, 6 F.Supp.2d 770 (N.D.Ill.1998); *Tranor v. Brown*, 913 F.Supp. 388, 391 (E.D.Pa.1996); *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F.Supp. 582, 592 (E.D.Va.1992); *Roberts Metals, supra* (weight given to plaintiff's choice of forum diminished because acts occurred outside the forum but additional weight accorded because plaintiff was headquartered in Ohio).

■ In this instance Plaintiffs' home forum is located in the Northern District of Illinois. As noted by Plaintiffs, this is a " 'typical' insurance coverage dispute between two insurers" which then implies that the denial of coverage by Defendant occurred in its home forum, the Northern District of Illinois. The fact that one beneficiary under the two policies was an Ohio resident is irrelevant given that this individual is not a party to this action. Accordingly, as to all denials asserted by the Trustees, the operative events occurred outside this district.

Turning to the convenience of the parties, there is little dispute that the parties are all located in the Northern District of Illinois as are all but one of the five Plaintiffs' counsel.[2] The Defendant has, therefore, demonstrated that the convenience of the parties in terms of their location and that of their counsel would be increased by a transfer of this action.

As to convenience of the witnesses, GTL has identified one of its officers who it purports to have testify about the nature of the GTL policy and affirmative defenses asserted by Defendant. In contrast, Plaintiffs assert that this case will not turn on witness testimony but will focus on documents, which they contend can be easily exchanged in the Northern District of Illinois without involvement of any court. It is important to note that the pertinent documents are located in another district and that ease of exchange in *that* district goes to convenience of the parties.

A third factor for consideration is the interests of justice. GTL asserts that the public interests in discouraging forum shopping require transfer of this action to the district where it was first filed. The Defendant also indicates that litigation expenses will be lessened by a transfer as the parties and their counsel are located there. In contrast, Plaintiffs accuse GTL of "reverse forum shopping" in attempting to have this action transferred to another district. There is no doubt that it is more advantageous for Plaintiffs to have this action determined by Sixth Circuit precedent and that the best interests of GTL are served by Seventh Circuit precedent. However, the interest of justice does not accommodate the "private interests of the litigants and their witnesses." *Hanley, supra* at 776.

The district court in *Hanley* listed the "desirability of resolving controversies in their locale" as a factor in this analysis. This Court agrees. Illinois is the forum with all the significant contacts to the present litigation. All the parties are located in that forum as are the witnesses and documents. Illinois is also the forum where the Fund is administered and where the Defendant denied coverage. In sum, Illinois is "closer to the action and therefore, litigation in that forum serves the administration of justice more efficiently given those considerations." *Id.* (Citations omitted.)

Finally, the Court considers whether the action might have been brought in the district where the movant requests a transfer. The answer to this question is in the affirmative. As already noted, Plaintiffs initiated a suit against GTL in the Northern District of Illinois which was dismissed and re-filed in the present district in order to gain the advantage of Sixth Circuit precedent which is more favorable to Plaintiffs. There is no dispute that venue is appropriate in the Northern District of Illinois.

Given the above considerations, the Court determines that Plaintiffs' choice of forum is given the same weight as the other factors necessary to a transfer analysis because it is not Plaintiffs' home forum nor did the operative events take place in this district. Weighing the other relevant factors, the

---

2. According to the Court's docket, Plaintiff's Ohio counsel, attorney Oldham, is not yet listed as counsel of record.

Court finds that they together weigh in favor of transferring this action to the Northern District of Illinois. Therefore, on that basis, Defendant's motion to transfer under 28 U.S.C. § 1404(a) is granted. The Clerk will be instructed to transfer this action to the Northern District of Illinois, Eastern Division forthwith.

IT IS SO ORDERED.