John FORCILLO, Plaintiff,

v.

LeMOND FITNESS, INC., and Brunswick Corporation, Inc., Defendants.

No. 03–CV–0565–MJR.

United States District Court, S.D. Illinois.

April 9, 2004.

Brian G. Bodine, Esq., George C. Rondeau, Esq., Benton J. Gaffney, Esq., Davis Wright Tremaine LLP, Seattle, WA, Dawn A. Sallerson, John E. Sabo, Hinshaw & Culbertson, Belleville, IL, for Defendants LeMond Fitness, Inc. and Brunswick Corporation, Inc.

Don W. Weber, Esq., Edwardsville, IL, Stephen M. Tillery, Korein Tillery, LLC, St. Louis, MO, for Plaintiff John Forcillo.

### MEMORANDUM and ORDER

REAGAN, District Judge.

Plaintiff John Forcillo filed suit against Defendants LeMond Fitness, Inc. (LeMond) and Brunswick Corporation, Inc. (Brunswick) for patent infringement pursuant to 35 U.S.C. § 1, *et seq.* (Doc. 1). Subject matter jurisdiction lies under 28 U.S.C. § 1338(a). Defendants now move this Court to transfer this action to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1404(a) (Doc. 9). Forcillo responded to the transfer motion (Doc. 11) and Defendants replied to Forcillo's response (Doc. 12). So the motion is fully briefed.

Forcillo is a citizen of Canada. LeMond as a corporation is a citizen of both Washington (its principal place of business) and Delaware (its state of incorporation), and resides in the Western District of Washington. Brunswick, also a corporation, is a citizen of both Illinois (its principal place of business) and Delaware (its state of incorporation), and resides in the Northern District of Illinois.

Forcillo is the patentee and owner of U.S. Patent 6,612,970, entitled "Adjustable Stationary Exercise Bicycle" issued on September 2, 2003. In his complaint, Forcillo alleges that LeMond and Brunswick are threatening to infringe and are infringing his patent by "making, using, offering to sell and selling infringing stationary exercise bicycles in the United States" marked under the trademark LeMond RevMaster (Doc. 1). Forcillo further alleges that such acts of infringement by LeMond and Brunswick have taken place and are taking place in the Southern District of Illinois and elsewhere.

LeMond obtained its rights to its accused device, the RevMaster, from the bankruptcy estate of the now defunct StairMaster, which was located in the Western District of Washington. Once LeMond obtained the rights to the RevMaster from StairMaster, it devel-

oped, manufactured, marketed and started the selling the device. LeMond then entered into a distribution agreement with Life Fitness, a division of Brunswick, to distribute the RevMaster exercise bicycle in the United States. Life Fitness' principal place of business is in Franklin Park, Illinois, which is located in the Northern District of Illinois. LeMond is indemnifying Brunswick in this action and is thus in charge of the defense.

■ Under Section 1404(a), "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). A transfer is proper if: (1) venue is proper in both the transferee and transferor courts; (2) it is for the convenience of the parties or witnesses; and (3) it is in the interest of justice. *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir.1986). District Courts have broad discretion to grant or deny motions to transfer, and the burden is on the moving party to establish that the transfer is warranted. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1293 (7th Cir.1989).

■ The parties do not dispute that venue is proper in both the Southern District of Illinois and the Western District of Washington. Thus, the Court turns to the second prong of its analysis, if transfer will be for the convenience of the parties or witnesses. Factors to be considered by the Court in assessing the convenience aspect of a § 1404(a) transfer include: (1) the plaintiff's choice of forum, (2) the location of the parties and witnesses, (3) the ease of access to sources of proof, and (4) the situs of material events. *Schwarz v. National Van Lines, Inc.,* —— F.Supp.2d ——, 2004 WL 432483, at *4 (N.D.Ill.2004). *See also ISI International, Inc. v. Borden Ladner Gervais LLP,* 256 F.3d 548, 553 (7th Cir.2001); *Tice v. American Airlines,* 162 F.3d 966 (7th Cir.1998), *cert. denied,* 527 U.S. 1036, 119 S.Ct. 2395, 144 L.Ed.2d 795 (1999); *General Portland Cement Co. v. Perry,* 204 F.2d 316, 318–19 (7th Cir.1953).

■ A plaintiff's choice of forum is generally given substantial weight under Section 1404(a). *Vandeveld v. Christoph,* 877 F.Supp. 1160, 1167 (N.D.Ill.1995). However, where the plaintiff's choice is not its resident forum, the chosen forum is entitled to less deference. *Bryant v. ITT Corp.,* 48 F.Supp.2d 829, 832 (N.D.Ill.1999). Although Forcillo choose to file suit in this District, his choice of forum has diminished significance because Forcillo, as a resident of Canada, is not a resident of the Southern District of Illinois. Furthermore, the Court notes that neither defendant is a resident of this District. Brunswick is the closest party to this District, but is a resident of the Northern District of Illinois, and as only a distributor of the alleged device, Brunswick's role is not as significant as that of its co-defendant LeMond.

In an attempt to establish that preference should be given to Forcillo's choice of forum, Forcillo argues that despite being a resident of Canada, this District is his home forum. He claims he has designated a resident of Edwardsville, Illinois (which is located in this District) as his registered agent for his patent and trademark applications, that he is affiliated with Millenium–Fit, a company located in this District, and that all his records for the prosecution and issue of Patent 6,612,970 are also located in Edwardsville. However, the Court notes that Millenium–Fit is not named as a party in this action and did not even exist when Forcillo filed this action. Furthermore, no statute required Forcillo to designate a representative in the United States; 35 U.S.C. § 293 states that a non-resident patentee *may* designate an agent for service (emp.added). Additionally, Forcillo argues that as his attorney has offices in this District, that also should be given weight in deferring to his choice of forum. However, that is of no consequence in this Court's analysis. *See Koos, Inc. v. Performance Industries, Inc.,* 747 F.Supp. 487, 490 (N.D.Ill. 1990)("the convenience of counsel is not considered in the transfer decision").

Therefore, the Court finds nothing in the record to lead it to conclude other than Forcillo is not a resident of this district and thus his choice of this District as his forum is simply another factor in the mix and is not given any additional weight. *See Plotkin v.*

*IP Axess, Inc.,* 168 F.Supp.2d 899, 902 (N.D.Ill.2001); *H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.,* 979 F.Supp. 627, 630 (N.D.Ill.1997).

 The next consideration is the convenience of the witnesses which is the most important factor in the transfer balance. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co.,* 42 F.Supp.2d 821, 834 (N.D.Ill. 1999). In analyzing this factor, courts must look to the nature and quality of the witnesses' testimony with respect to the issues, not just the number of witnesses in each venue. *Vandeveld v. Christoph,* 877 F.Supp. 1160, 1167 (N.D.Ill.1995). The Court must also consider whether these witnesses will be subject to compulsory process and the cost to obtain attendance of willing witnesses. *Hanley v. Omarc,* 6 F.Supp.2d 770, 774 (N.D.Ill. 1998).

LeMond has identified the following witnesses all of whom reside in the Western District of Washington that it anticipates will testify: John Post, president of LeMond and former vice-president of StairMaster, Bernie Boglioli, vice president of sales for LeMond; Rob Bingham, senior mechanical engineer for LeMond; John Kennedy, production and logistics manager for LeMond; Misty Patzer, technical support for LeMond; JC Walgreen, former mechanical engineer for StairMaster; Cedric Bryant, former developer for Stair-Master; Karen Coleman, former service manager for StairMaster; Anne Kenney, a trade show manager; and Michael Quinn, former chief financial officer and president of StairMaster. Additionally, LeMond states it will have the following witnesses testify from LeMond's manufacturer in Taiwan who visit Seattle regularly on business: Simon Chu, plant manager; Jessica Yu, export broker; and Kit Chen, engineer. LeMond also states that it does not anticipate calling any witnesses from Brunswick, hence the Illinois area, as Brunswick will be providing only financial data relating to distributing the alleged infringing device. LeMond has specified the necessity of each witness' testimony so as to prove that the RevMaster does not infringe Forcillo's patent as all the witnesses center on the conception, design, development and engineering of the RevMaster. The Court also notes that LeMond has more representatives per capita in the state of Washington than the state of Illinois.[1]

Forcillo has identified two witnesses he anticipates will testify: Michael Kelley, manager of Millennium–Fit, and Mark Helmer, the original draftsman for Forcillo's patent at issue. Both Kelley and Helmer reside in this District. Kelley was hired by Forcillo to investigate his patent infringement claims, thus serving as an expert witness for Forcillo. The Court notes that "expert witnesses may be readily found in any district" so this Court gives limited weight to Kelley's residence in this District. *See Medi USA v. Jobst Inst., Inc.,* 791 F.Supp. 208, 210 (N.D.Ill.1992). Helmer is a notable witness, residing in this District, but the number of essential witnesses located in the Western District of Washington weighs in favor of granting the transfer motion based upon convenience of the witnesses.

 As to the convenience of the parties, this Court should consider the parties' respective residences and their ability to bear the costs of litigating in a particular forum. *Habitat Wallpaper & Blinds, Inc. v. K.T. Scott Ltd. Partnership,* 807 F.Supp. 470, 474 (N.D.Ill.1992). In the case at bar, the convenience of the parties favors transfer. LeMond resides in Washington, and while Brunswick resides in Illinois, it does not reside in this District and is not a major player in this litigation as it is simply a distributor and is indemnified by LeMond. Forcillo is Canadian, and in either venue he would not be litigating in his home forum. If this matter is tried in this District, all parties need to travel. However, that would not be the case if the matter were tried in Washington.

1. The affidavit of Forcillo is attached to Doc. 11, Forcillo's response to the motion to transfer. Attached to Forcillo's affidavit is a copy of data Forcillo obtained from the "official LeMond" website (*www.lemondfitness.com*) which shows the state of Washington has 14 LeMond representatives, while the twice more populated state of Illinois has 18. *See* U.S. Census 2000 Totals and U.S. Census 2002 Total Population Estimate at *www.census.gov.*

The third factor concerns the ease of access to proof. Most of LeMond's engineering records and drawings, as well as production records and drawings are at its headquarters in Washington. Additionally, LeMond also has possession of most of StairMaster's documents relating to the accused device. While Forcillo is located in Canada, he alleges his records are located in this District. However, the Court does recognize that all documents necessary to present both sides of the case can easily be transported to either venue, and thus this factor carries little weight. *See Hanley v. Omarc*, 6 F.Supp.2d 770, 774 (N.D.Ill.1998).

The fourth factor is where the situs of material events is located. In patent cases, courts often focus on "the alleged infringing activities of the defendant and the employees and documents that evidence these activities," and the situs of the material events generally is where the alleged infringing activities occurred. *Calmedica, LLC v. Novoste Corp.*, 2004 WL 413296 (N.D.Ill. Jan.30, 2004). In the case at bar, this District has a de minimus connection with the operative facts giving rise to the alleged infringement while the Western District of Washington has a much greater connection. It was at LeMond's headquarters and that of its predecessor, StairMaster, both located in the Western District of Washington, that the accused device was designed, tested and readied for production. And while the actual manufacture of the accused device took place in Taiwan, all documents and personnel in the United States related to the coordination of the manufacturing process are located at LeMond's headquarters. Additionally, all of the accused devices that Brunswick receives to distribute come through LeMond. Only the sales of a few machines occur in this District. Therefore, this factor weighs in favor of transfer.

■ Finally, the Court assesses whether transfer will promote "the interest of justice." This component of the § 1404(a) inquiry relates to the "efficient functioning of the courts," not the merits of the underlying dispute. *Coffey*, 796 F.2d at 221. Factors traditionally considered in the interest of justice analysis include the transferee court's familiarity with applicable law and the congestion of both courts' dockets. *Id. Accord*

*Georgouses v. NaTec Resources*, 963 F.Supp. 728, 730 (N.D.Ill.1997). For instance, the interest of justice may be served by transfer to a district where the parties will receive a more speedy trial or where jurors have a financial interest in the case. *Coffey*, 796 F.2d at 221.

Official statistics for the United States District Courts (using the most recent totals, for the 12-month period ending September 30, 2003), indicate that this case likely will be more quickly resolved if transferred to the Western District of Washington than if kept in the Southern District of Illinois. For civil cases, the Western District of Washington has a median time *from filing to disposition* of 6.4 months. By contrast, in the Southern District of Illinois, 9.0 months elapses from filing to disposition. And, although this case may never actually be tried, the *filing to trial* statistics are 16.7 months for the Western District of Washington, as opposed to 23.0 months in this Court. *See www.uscourts.gov* (Judicial Caseload Profile Report—2003).

Statistical data is subject to interpretation and sometimes fails to present a complete picture of the case load and conditions within a given federal court. For this reason, the undersigned Judge does not resolve any question of venue transfer based on statistics alone. However, the facts of the case now before the Court render it probable that no delay would result from transfer of this case to the Western District of Washington.

■ Having concluded that venue is proper in the transferor district (the Southern District of Illinois), that venue and jurisdiction are proper in the transferee district (the Western District of Washington), and that transfer will serve the convenience of parties and witnesses as well as promote the interest of justice, the Court GRANTS LeMond and Brunswick's transfer motion (Doc. 9) and, pursuant to 28 U.S.C. § 1404(a), TRANSFERS this case to the United States District Court for the Western District of Washington.

IT IS SO ORDERED.