Karen Sue PURDY and Archie Purdy, Individually and as Next Friends of Alan Pirtle, Destany Stark and Jeremy Don Scott, II and as Representatives of the Estate of Rebekah Purdy, Plaintiffs,

v.

Billy Ray MUNDEN, Snow Creek Trucking Company, Inc. and Southland Transportation Company, Inc., Defendants.

No. 2:04–CV–369.

United States District Court, E.D. Texas, Marshall Division.

Feb. 9, 2005.

John Hatchett Carney, Dallas, TX, for Plaintiffs.

Andrew Tucker Fifield, Stradley & Wright, Dallas, TX, for Defendants.

## ORDER

DAVIS, District Judge.

Before the Court is Defendants Billy Ray Munden ("Munden"), Snow Creek Trucking Company, Inc., and Southland Transportation Company, Inc.'s Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer Venue (Docket # 4). Having considered the parties written submissions and oral arguments, the Court **DENIES** the motion to dismiss and **GRANTS** the motion to transfer. The Court transfers venue, pursuant to 28 U.S.C. § 1404(a), from the Eastern District of Texas, Marshall Division to the Northern District of Texas, Dallas Division. The Court also **VACATES** its order made during oral argument dismissing Munden from the case.

## BACKGROUND

On July 26, 2003, Jeremy Don Scott ("Scott") experienced a tire blow-out while driving an automobile on Interstate 20 near Balch Springs, Texas in the Northern District of Texas. The blow-out caused Scott to lose control of the automobile and careen across the freeway. The automobile was hit by the corporate Defendants' tractor-trailer, driven by Munden. Scott, and his passenger, Rebekah Purdy ("Purdy"), died from injuries sustained in the accident. This wrongful death suit was brought in diversity on behalf of Purdy's estate by the statutory beneficiaries of her and Scott. Plaintiffs reside in Texas. Defendants reside in North Carolina.

## MOTION TO TRANSFER VENUE

*A. Applicable Law*

 "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first determination to be made under 28 U.S.C. § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004). If so, under section 1404(a), a court examines "the convenience of the parties and witnesses." *Id.* The convenience determination involves examining several private and public interest factors, none of which are given dispositive weight. *Id.* The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of the compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Id.* The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving foreign law's application. *Id.* A court should also consider the plaintiff's forum choice, but the plaintiff's forum choice by itself is not conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir.2003); *Z–Tel Communications, Inc. v. SBC Communications, Inc.*, 331 F.Supp.2d 567, 571 (E.D.Tex.2004) (Folsom, J.). A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to only the plaintiff's claims. *In re Volkswagen*, 371 F.3d at 204.

*B. Analysis*

The parties do not dispute this claim could have been brought in the Northern District of Texas since the underlying accident occurred there, so the Court will now consider the private and public factors.

This case only involves only claims of negligence, not product liability. In negligence cases, the investigators and accident-scene witnesses likely to be called to testify at trial generally reside close to the scene of the accident. The evidence critical to establishing, and defending, negligence claims is generally found at or near the scene of the accident. Here, the police officer who investigated the accident is from the Balch Springs Police Department. Five of the six accident-scene witnesses listed in his report reside in the Dallas Division of the Northern District of Texas.[1] The sixth witness resides in the Tyler Division of the Eastern District of Texas, but his residence is closer to the federal courthouse in Dallas than Marshall.[2] Thus, it would be more convenient for the police officer and accident-scene witnesses to testify in Dallas than Marshall, so the private factors tilt heavily in favor of transfer. In a negligence case, as opposed to a products liability case, the importance of trying the case in the district where the accident occurred generally outweighs deference to the Plaintiff's choice of forum. Such is the case here.

The Court notes that if this case involved claims of a defective design, the private factors favoring transfer could be much more easily overcome. Product liability cases often involve battles of design documents and engineering experts scattered across the country, making the place of the accident of lesser importance.

The public factors also favor transferring this case. Residents of the Northern District of Texas have a local interest in adjudicating disputes arising from an accident that occurred on the freeways in their district. Furthermore, this Court's resources and Eastern District jurors' time are better spent on diversity cases which are not solely connected with another district, such as a case sounding solely in negligence which occurred in another district.

Accordingly, the Court **GRANTS** the motion to transfer venue from the Eastern District of Texas, Marshall Division, to the Northern District of Texas, Dallas Division.

---

1. Those witnesses are: Octavio Najeria and Dee A. Rice of Terrell, Kaufman County, Texas; Janice Renee Hines and Miguel Alvillo of Dallas, Dallas County, Texas; and Joel Alvin Thomas of Royce City, Hunt County, Texas.

2. Melvin Clayton Keel lives in Mabank, Henderson County, Texas. His residence is approximately 61 miles from the federal courthouse in Dallas and approximately 116 miles from the federal courthouse in Marshall.