**Kenneth DULANEY, Jr., individually and as personal representative of the Estate of Kenneth Dewitt Dulaney, deceased, Virginia Cane, Beatrice Dulaney, Marilyn Dulaney, and Antwon Dulaney, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV. 06–806–GPM.**

United States District Court, S.D. Illinois.

Dec. 20, 2006.

Glenn E. Bradford, Law Office of Barberis & Bradford, Edwardsville, IL, William E. Miller, III, Law Offices of William E. Miller III, Alton, IL, for Plaintiffs.

## *MEMORANDUM AND ORDER*

MURPHY, Chief Judge.

This matter, which was recently transferred from the docket of United States Senior District Judge James L. Foreman to the docket of the undersigned District Judge, is before the Court on the motion to transfer this case to the United States District Court for the Eastern District of Missouri, St. Louis Division, brought by Plaintiffs Kenneth Dulaney, Jr., individually and as personal representative of the estate of Kenneth Dewitt Dulaney, deceased, Virginia Cane, Beatrice Dulaney, Marilyn Dulaney, and Antwon Dulaney (Doc. 6). For the following reasons, the motion is **GRANTED**, and this action is **TRANSFERRED** to the United States District Court for the Eastern District of Missouri, St. Louis Division. The status conference scheduled to be held in this

case on January 4, 2007, at 9:20 a.m. is **CANCELLED.**

This is an action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"). Plaintiffs, who are the heirs of Kenneth Dewitt Dulaney, allege that on February 14, 2003, Mr. Dulaney was admitted to the John Cochran Veterans Administration Medical Center, apparently suffering from a stroke. Plaintiffs allege that, five days after Mr. Dulaney's admission to the hospital, he aspirated vomit while waiting to undergo a magnetic resonance imaging test, proximately resulting in his death. Plaintiffs assert claims for medical malpractice and negligence in connection with Mr. Dulaney's death. Plaintiffs now have moved for transfer of this case to the United States District Court for the Eastern District of Missouri, St. Louis Division, pursuant to 28 U.S.C. § 1404.

■ Under 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Both plaintiffs and defendants may invoke the provisions of section 1404. *See Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir.1986). *See also Philip Carey Mfg. Co. v. Taylor,* 286 F.2d 782, 784 (6th Cir. 1961) ("The right to a transfer under the statute is available to a plaintiff as well as a defendant. A plaintiff is not bound by his choice of forums, if he later discovers that there are good reasons for transfer."). In evaluating the propriety of transfer under section 1404, a court must consider "the convenience of the parties, the convenience of the witnesses, and the interest of justice." *Coffey,* 796 F.2d at 219 n. 3. *See also Vandeveld v. Christoph,* 877 F.Supp. 1160, 1167 (N.D.Ill.1995) (a transfer under section 1404 is appropriate if: (1) venue is proper in both the transferor

and the transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice). The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude and, therefore, is committed to the sound discretion of the trial court. *See Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1293 (7th Cir.1989); *Coffey,* 796 F.2d at 219.

■ The Court judicially notices that, according to the website of the United States Department of Veterans Affairs, the John Cochran Veterans Administration Medical Center, where, as discussed, the incident giving rise to this case occurred, is located in St. Louis, Missouri, in the Eastern District of Missouri. *See* http://www1.va.gov/directory/guide/facility.asp?id=128. *See also Bova v. U.S. Bank, N.A.,* 446 F.Supp.2d 926, 930 n. 2 (S.D.Ill.2006) (a court may judicially notice public records and government documents, including those available from reliable sources on the Internet); *Hauck v. ConocoPhillips Co.,* Civil No. 06–135–GPM, 2006 WL 1596826, at * 1 n. 1 (S.D.Ill. June 6, 2006) (judicially noticing that Hartford, Illinois, and Roxana, Illinois, are towns in Madison County, Illinois, that are situated closely adjacent to one another); *Meeker v. Belleville,* No. 04–CV–4250–JPG, 2005 WL 1263144, at *2 (S.D.Ill. May 25, 2005) (judicially noticing that Jasper County, Illinois, is located in the Southern District of Illinois). In light of the nature of this case, which, as discussed, involves claims of medical malpractice and negligence, it seems highly likely that critical evidence and witnesses, including non-party witnesses and witnesses not within this Court's subpoena power, are located in the Eastern District of Missouri. *See Sitrick v. Dreamworks LLC,* No. 02 C 8403, 2003 WL 21147898, at *3 (N.D.Ill. May 14, 2003)

(the convenience of witnesses, especially non-party witnesses, is the most important factor in evaluating the propriety of transfer under 28 U.S.C. § 1404); *Educational Visions, Inc. v. Time Trend, Inc.*, No. 1:02–cv–1146–DFH, 2003 WL 1921811, at *7 (S.D.Ind. Apr. 17, 2003) (same); *Technical Concepts LP v. Zurn Indus., Inc.*, No. 02 C 5150, 2002 WL 31433408, at *3–4 (N.D.Ill. Oct. 31, 2002) (granting transfer under section 1404 where the plaintiff's cause of action did not arise in the forum and the proposed transferee forum was the primary site of material events). *See also Purdy v. Munden*, 356 F.Supp.2d 658, 660 (E.D.Tex.2005) (noting that "[t]he evidence critical to establishing, and defending, negligence claims is generally found at or near the scene of the [alleged negligence].").

Additionally, because the incident giving rise to this case occurred in Missouri, the substantive law governing Plaintiffs' claims is Missouri law. *See Bazuaye v. United States*, 41 F.Supp.2d 19, 23 (D.D.C.1999) (quoting 28 U.S.C. § 1346(b)(1)) ("Under the FTCA, the United States has agreed to be liable in tort 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.' It has long been understood that the 'law of the place' is the law of the State where the conduct occurred, and thus, as a matter of federal law, state law supplies the rule of decision in FTCA cases."); *Weber v. United States*, 991 F.Supp. 694, 696 (D.N.J.1998) (quoting *Certain Underwriters at Lloyd's v. United States*, 511 F.2d 159, 161 (5th Cir.1975)) ("The FTCA did not itself create a substantive cause of action against the United States. Rather, it conferred a procedural remedy by which substantive state law could be applied against the federal government. Therefore, in each FTCA case the 'controlling question is whether the substantive law of [the state where the alleged wrong occurred] permits ... re-covery from the United States under the facts of th[e] case.' "). The fact that this case will require the application of Missouri law likewise weighs in favor of transfer of the case to the Eastern District of Missouri. *See Coffey*, 796 F.2d at 221 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 645, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)) (noting that, for purposes of evaluating transfer under 28 U.S.C. § 1404, in cases in which a federal court must apply state law "it is ... considered advantageous to have federal judges try a case who are familiar with the applicable state law."). In fact, it is extremely difficult to ascertain from the face of the complaint what connection this case has to this District, save perhaps that one or more Plaintiffs may reside here or in any event, their attorneys do, although this of course is not a consideration weighing in favor of retaining the case in this District. *See Forcillo v. LeMond Fitness, Inc.*, 220 F.R.D. 550, 552 (S.D.Ill.2004) (quoting *Koos, Inc. v. Performance Indus., Inc.*, 747 F.Supp. 487, 490 (N.D.Ill.1990)) ("[T]he convenience of counsel is not considered in the transfer decision[.]").

To conclude, Plaintiffs' motion for transfer (Doc. 6) is **GRANTED**. Pursuant to 28 U.S.C. § 1404(a), this action is **TRANSFERRED** to the United States District Court for the Eastern District of Missouri, St. Louis Division, for all further proceedings. The Clerk of Court is **DIRECTED** to transmit the complete file in this case to the Clerk of the United States District Court for the Eastern District of Missouri and to close this Court's file in the case. The status conference scheduled to be held in this case on January 4, 2007, at 9:20 a.m. is **CANCELLED**.

**IT IS SO ORDERED.**