**PRIMAX RECOVERIES, INC., Plaintiff,**

v.

**Annabell LEE, Defendant.**

**No. CIV.A. 99–2020(PLF).**

United States District Court, District of Columbia.

April 15, 2003.

Brooks R. Amiot, Piper Rudnick, Baltimore, MD, for Plaintiff.

Joel S. Aronson, Ridberg Press & Sherbill, Bethesda, MD, for Defendant.

## OPINION

PAUL L. FRIEDMAN, District Judge.

The Court has before it defendant Annabell Lee's motion to dismiss the complaint against her, plaintiff's opposition and defendant's reply, as well as supplemental briefs concerning the impact of the recent opinion of the Supreme Court in *Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002). After considering the complaint in the light most favorable to plaintiff, the Court concludes that defendant's motion to dismiss for lack of subject matter jurisdiction, failure to state a claim, failure to join an indispensable party, and failure to sue the real party in interest must be denied.

## I. FACTUAL BACKGROUND

Defendant Annabell Lee suffered personal injuries in an automobile accident on January 17, 1992. *See* Complaint ¶ 11; Motion to Dismiss at 1. Her injuries required hospitalization, with medical treatment continuing for two and a half years at a total cost of $89,843.17 to defendant's health insurer, The George Washington University Health Plan ("the Plan"). *See* Complaint ¶ 12. Following her accident, defendant filed a civil action against a third-party tortfeasor, who she alleged was responsible for the accident and her injuries. A settlement was reached between defendant and the third party, and defendant received what she characterizes as a non-differentiated, lump sum settlement of $450,000. *See* Motion to Dismiss at 2. It is from this recovery that plaintiff seeks reimbursement.

Plaintiff brought this action pursuant to Section 1132(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), claiming that as an assignee for purposes of collection and as a fiduciary of the George Washington University Health Plan, it is entitled to reimbursement from defendant for medical expenses based on the reimbursement clause contained in defendant's health plan. In relevant part, that provision states: "If a Member is injured or suffers illness as a

result of an act caused by or involving a third party, the Health Plan shall be reimbursed for Covered Services it provides or pays that are recovered or may be recoverable from the third party ...." Complaint, Exhibit 1, The George Washington University Health Plan, Inc., District of Columbia Standard Option Plan at 22, Art. 10(A). Plaintiff contends that the benefits defendant received from the Plan were subject to and conditioned upon the Plan's right of reimbursement, and that defendant's refusal to reimburse the Plan out of the settlement proceeds violated her contractual obligation under the policy. *See* Complaint ¶¶ 15, 21.

The Plan is a health care plan sponsored by The George Washington University. *See* Complaint ¶ 2.[1] The University established and maintains the Plan for the purpose of providing its employees and their eligible dependents with medical, surgical and/or hospital care. *See id.* Plaintiff asserts, and defendant does not contest, that the Plan therefore is an "employee welfare benefit plan" within the meaning of ERISA. *See id.;* 29 U.S.C. § 1002(1).

Seeking to assert its rights under the Plan and to obtain equitable and "restitutionary relief" under ERISA in an amount equivalent to the benefits it has paid for medical expenses incurred by defendant, plaintiff filed suit against defendant on July 28, 1999. *See* Complaint ¶¶ 5, 19, 22. Plaintiff asserts that it has standing to bring this suit as the assignee and fiduciary of the Plan pursuant to 29 U.S.C. § 1132(a)(3), which provides that a civil action may be brought under ERISA

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

According to plaintiff, the Plan duly appointed and authorized plaintiff to administer and prosecute all of the Plan's rights and claims to reimbursement and subrogation, making plaintiff an assignee for purposes of collection and a fiduciary under ERISA. *Id.* ¶¶ 3, 6.[2] Plaintiff bases its claim of fiduciary status on its assertion that it has discretionary authority in the settlement and prosecution of claims for reimbursement and subrogation, as well as in the collection, management, investment and disbursement of Plan assets. *Id.* ¶ 6.

## II. DISCUSSION

Defendant moves to dismiss plaintiff's complaint on the grounds that: (1) this Court lacks subject matter jurisdiction; (2) plaintiff has failed to state a claim upon which relief can be granted; (3) plaintiff has failed to join an indispensable party, namely the Plan; and (4) plaintiff must sue the real party in interest, the Plan, rather

---

1. Prior to the accident, defendant had been employed by The George Washington University and received coverage under the University's Health Plan. Though defendant's employment at the University ended in July 1991, pursuant to the Consolidated Omnibus Reconciliation Act of 1985 ("COBRA") she chose to continue her enrollment in the Plan by paying the Plan's monthly premiums starting in August 1991. *See* Motion to Dismiss at 1–2. It is undisputed that at the time of the accident defendant was receiving continued coverage under the Plan.

2. A person is a fiduciary of an ERISA plan to the extent that: "(i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets ..., or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A).

than defendant. The Court will address each of these arguments in turn.

### A. Subject Matter Jurisdiction

■ Defendant contends that the Court does not have subject matter jurisdiction over this matter because plaintiff's cause of action is not a genuine ERISA claim. Defendant bases this claim on two separate theories: (1) that plaintiff is not a fiduciary, and (2) that plaintiff's claim is legal, rather than equitable in nature.

### 1. Plaintiff's Status as "Fiduciary"

■ First, defendant argues that plaintiff is not a fiduciary within the meaning of ERISA and thus is not empowered to bring suit under 29 U.S.C. § 1132(a)(3). Defendant alleges that plaintiff's assertion of fiduciary status was made only to enable it to bring this action in federal court and that plaintiff has provided no evidence of an assignment of rights or of its status as a fiduciary. Defendant notes that a federal court may dismiss an asserted ERISA claim for lack of subject matter jurisdiction if the claim is made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous. *See Blue Cross & Blue Shield v. Sanders,* 138 F.3d 1347, 1352 (11th Cir.1998) (citing *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946)).

■ On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all factual allegations set forth in the complaint and must draw all reasonable inferences from those allegations in favor of the non-moving party. *See Artis v. Greenspan,* 158 F.3d 1301, 1305–06 (D.C.Cir.1998); *Pitney*

*Bowes Inc. v. United States Postal Service,* 27 F.Supp.2d 15, 19 (D.D.C.1998). While the complaint is to be construed liberally, the Court need not accept factual inferences drawn by plaintiff if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *See National Treasury Employees Union v. United States,* 101 F.3d 1423, 1430 (D.C.Cir.1996). Under this standard, a plaintiff is required only to assert, not to prove, fiduciary status in its complaint, and plaintiff has done so here. *See* Complaint ¶¶ 5, 7. Nothing more is required at this stage. *Cf. Blue Cross & Blue Shield v. Sanders,* 138 F.3d at 1352 (federal subject matter jurisdiction exists so long as plaintiff "plausibly is a 'fiduciary'"). *See* 29 U.S.C. § 1132(e)(1).[3] Therefore, the Court will deny defendant's motion to dismiss on this ground.

### 2. Nature of Relief Sought

■ Defendant also asserts that the relief sought by plaintiff—recovery from defendant of the amount of unreimbursed benefits that the Plan paid for defendant's medical expenses incurred as a result of the accident—is not equitable in nature but legal, and thus cannot be sought under ERISA. Because plaintiff's action is legal, defendant argues, ERISA does not confer subject matter jurisdiction on this Court. Defendant relies for her argument on the Supreme Court's recent decision in *Great–West Life Ins. & Annuity Co. v. Knudson,* 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002) ( hereinafter *"Great–West"* or *"Great–West v. Knudson"*).

**3.** Judge Urbina has said that the plaintiff "bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence." *Pitney Bowes, Inc. v. United States Postal Service,* 27 F.Supp.2d at 19; *see also Robinson v. Overseas Military*

*Sales Corp.,* 21 F.3d 502, 507 (2nd Cir.1994) (when district court relies solely on pleadings and supporting affidavits in considering a Rule 12(b)(1) motion, plaintiff need only make a *prima facie* showing of jurisdiction).

Defendant argues that plaintiff's request for reimbursement is essentially an action at law to impose personal liability on defendant for a sum of money, a claim that is directly precluded under ERISA as interpreted in *Great–West*. Plaintiff responds that the *Great–West* decision actually supports jurisdiction in this case by making clear that the requested relief—"restoration of an identifiable portion of the funds Defendant obtained in settlement against a third party and now held in trust by her former counsel"—is equitable in nature and thus properly sought under ERISA. *See* Letter to the Court from Brooks Amiot, May 13, 2002 at 2. Plaintiff argues that the relief it seeks is "money or property belonging in good conscience to the plaintiff [that can] clearly be traced to particular funds or property in the defendant's possession," *Great–West v. Knudson*, 534 U.S. at 213, 122 S.Ct. 708 (internal quotations omitted), that plaintiff is proceeding in equity, and that this Court therefore has subject matter jurisdiction under ERISA.

The complaint expressly states that plaintiff seeks restitution and characterizes the relief sought as equitable. *See* Complaint ¶¶ 5, 22. As the Supreme Court pointed out in *Great–West*, however, restitution may be either an equitable remedy or a legal one; it depends on both the basis for the claim and the nature of the remedies sought. *Great–West v. Knudson*, 534 U.S. at 213, 122 S.Ct. 708. Where the property or money sought has been "dissipated so that no product remains" and plaintiff's claim is "only that of a general creditor," the plaintiff necessarily is seeking to impose personal liability on the defendant and his action is a legal one. *Great–West v. Knudson*, 534 U.S. at 213–14, 122 S.Ct. 708 (internal quotations omitted). By contrast, when the money or property can be "identified as belonging in good conscience to the plaintiff" and "can clearly be traced to particular funds or property in the defendant's possession," plaintiff may seek restitution in equity in the form of a constructive trust or equitable lien. *Great–West v. Knudson*, 534 U.S. at 213, 122 S.Ct. 708.

In this case, a portion of the settlement funds are being held in trust by defendant's prior attorney, Charles Tobin. *See* Joint Status Report, March 15, 2002 at 2 ("Status Report"); Plaintiff's Response to Defendant's Supplemental Memorandum and Request to Lift Stay of Proceedings, January 23, 2002, Exhibit 2, Letter from Charles Tobin to Henry Romano, January 30, 1998 ("Tobin Letter"). While defendant's current counsel is unaware of the amount of the funds being so held, *see* Status Report at 2, the Court cannot conclude that the funds sought are so far dispersed that they no longer are traceable to defendant. On the contrary, it appears that defendant has set aside these funds for the precise purpose of reimbursing the Plan and that the money at issue therefore has been "dissipated" no farther than directly into a trust held by defendant's former attorney. *See* Tobin Letter. Under post *Great–West* case law, plaintiff's claim therefore seems to be a claim for restitution in equity (not in law), and the motion to dismiss therefore must be denied. *See IBEW–NECA Southwestern Health & Benefit Fund v. Douthitt*, 211 F.Supp.2d 812 (N.D.Tex.2002); *Bauer v. Gylten*, Nos. A3–00–161, A3–02–27, 2002 WL 664034 (D.N.D. Apr.22, 2002); *Great–West Life & Annuity Ins. Co. v. Brown*, 192 F.Supp.2d 1376 (M.D.Ga.2002); *see also Health Cost Controls of Illinois, Inc. v. Washington*, 187 F.3d 703, 710 (7th Cir. 1999), *cert. denied*, 528 U.S. 1136, 120 S.Ct. 979, 145 L.Ed.2d 930 (2000).

*B. Failure to State a Claim*

■ Defendant next argues that plaintiff has failed to state a claim upon which relief may be granted because plaintiff is

not a fiduciary. When considering a motion under Rule 12(b)(6), the Court must accept the factual allegations of the complaint and view the complaint liberally in the light most favorable to plaintiff. *See, e.g., Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994). All reasonable inferences are to be drawn in plaintiff's favor, but the Court need not accept inferences that are unsupported by the facts set forth in the complaint. *See id.* A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts that supports its claim for relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1117 (D.C.Cir.2000).[4]

In its complaint, plaintiff alleges that it is a fiduciary within the meaning of ERISA and an assignee under the Plan. *See* Complaint ¶¶ 3, 6. In its surreply, filed pursuant to this Court's Order of February 8, 2001, plaintiff provided documents purporting to show that (1) Primax has been duly appointed and authorized by the Plan to administer and prosecute all of the Plan's rights and claims to reimbursement and subrogation, and (2) Primax is a fiduciary within the meaning of ERISA. *See* Surreply to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss at 1–2 ("Surreply").[5] Although the Court will not consider these documents themselves, *see supra* n. 4, the Court will consider plaintiff's representation that the Plan properly and wholly assigned its reimbursement rights to plaintiff and its assertion that it can produce legal documentation of the assignment and of its status as a fiduciary. Defendant has

---

4. The Court may not consider matters outside the pleadings in deciding a motion to dismiss under Rule 12(b)(6), unless that motion is converted to a motion for summary judgment under Rule 56. *See* Fed.R.Civ.P. 12(b) (when considering a Rule 12(b)(6) motion, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.").

In its consideration of the instant motion, this Court previously determined that it would be helpful to have "all available documentary evidence to support the allegations" that plaintiff is entitled to pursue this action as a fiduciary of the Plan. *See* Order of February 8, 2001. Accordingly, the Court directed the parties to comply with Rule 26(a)(1) of the Federal Rules of Civil Procedure and directed plaintiff to provide all documents supporting those allegations. *See id.* Because this Court did not thereafter give defendant "a reasonable opportunity to present all material made pertinent to [a Rule 56 motion], and a chance to pursue reasonable discovery," *Baker v. Henderson*, 150 F.Supp.2d 13, 16 (D.D.C. 2001) (citing *Taylor v. Federal Deposit Ins.*

*Corp.*, 132 F.3d 753, 756 (D.C.Cir.1997)), the Court will not consider the documents attached to plaintiff's surreply filed on February 21, 2001. *See Amons v. District of Columbia*, 231 F.Supp.2d 109, 112–113 (D.D.C.2002). Instead, it will continue to treat defendant's motion as a motion to dismiss under Rule 12(b)(6).

5. The attached documents are identified by plaintiff as follows:

(1) Copy of a May 1, 1995 agreement between the Plan and Health Cost Controls, which was a wholly-owned subsidiary of Primax until January 1, 1999, at which time Primax merged with Health Cost Controls and became the successor to the subrogation and reimbursement rights of the Plan pursuant to the terms of the 1995 agreement (Exhibit A);

(2) Copy of an assignment by the Plan on October 25, 1999, authorizing plaintiff to act as agent for the Plan to administer and prosecute all of the Plan's rights and claims to reimbursement and subrogation in this matter (Exhibit B); and

(3) Copy of Article 13 of the Plan, which authorizes the assignment of the Plan's respective rights and responsibilities at issue in this case (Exhibit C).

not contested the authenticity or content of these documents, nor has she refuted plaintiff's claim that the documents demonstrate that Primax is a fiduciary. Moreover, plaintiff's claim that evidence of assignment can demonstrate fiduciary status finds support in the case law. *See, e.g., Health Cost Controls of Illinois, Inc. v. Washington*, 187 F.3d at 709 (holding in similar health cost reimbursement case that plaintiff assignee was a fiduciary, where plaintiff presented evidence that it had been assigned reimbursement claims of health plan and had sole discretion to pursue and collect such claims).

Based upon plaintiff's assertion that it is a fiduciary to whom the Plan properly and fully assigned all rights to reimbursement against defendant and plaintiff's unchallenged statement that it possesses legal documentation of that assignment, the Court cannot say that it is clear that plaintiff is not a fiduciary within the meaning of ERISA and thus has failed to state a claim. Instead, the Court finds it likely that plaintiff will be able to demonstrate at trial that the Plan appointed plaintiff to administer and prosecute its rights and claims against defendant and therefore that plaintiff is a fiduciary. Because the standard of review requires only that plaintiff "plausibly is a 'fiduciary,'" the Court will deny defendant's motion to dismiss on this ground. *Blue Cross & Blue Shield v. Sanders*, 138 F.3d at 1352.

### C. Failure to Join an Indispensable Party

■ Defendant next argues under Rule 12(b)(7) of the Federal Rules of Civil Procedure that the Court must dismiss plaintiff's action for failure to join an indispensable party—the Plan itself. Under Rule 19 of the Federal Rules of Civil Procedure, an absent party is indispensable to the litigation if without it (1) "complete relief cannot be accorded among those already parties," or (2) the absent party "claims an interest relating to the subject of the action and is so situated that the disposition of the action in [that party's] absence may" either "(i) as a practical matter impair [that] person's ability to protect that interest or (ii) leave [the remaining] parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed.R.Civ.P. 19(a). Should the Court determine that any of Rule 19(a)'s criteria are met, it must order that the absent party be joined. *Id.*

If a party should be joined under Rule 19(a), but joinder of the missing party is not feasible, the Court must consider under Rule 19(b) "whether in equity and good conscience the action should proceed among the parties before it," or whether it should be dismissed, "the absent person being thus regarded as indispensable." Fed.R.Civ.P. 19(b); *see Cherokee Nation of Oklahoma v. Babbitt*, 117 F.3d 1489, 1496 (D.C.Cir.1997). The factors to be considered in making this determination are (1) "to what extent judgment rendered in the person's absence might be prejudicial to the person or those already parties;" (2) "the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;" (3) "whether a judgment rendered in the person's absence will be adequate;" and (4) "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." Fed.R.Civ.P. Rule 19(b). This is a fact-specific inquiry that "can only be determined in the context of particular litigation." *Provident Tradesmens Bank & Trust, Co. v. Patterson*, 390 U.S. 102, 118, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).

In this case, it is questionable whether even the first prong of Rule 19 is met,

namely that the Plan is a party that should be joined if feasible. Defendant contends that the Plan is indispensable because plaintiff and the Plan are not in privity and argues that plaintiff's failure to join the Plan will unfairly prejudice her by leaving her open to future litigation with the Plan on the same claim.[6] The Court interprets plaintiff's assertion to be an argument that "complete relief cannot be accorded" among the current parties. Fed.R.Civ.P. 19(a). It is clear, however, that plaintiff is in privity with the Plan if the alleged assignment of reimbursement rights was valid, as plaintiff will "stand in the shoes" of the assignor. *Fox–Greenwald Sheet Metal Co. v. Markowitz Bros., Inc.*, 452 F.2d 1346, 1357 (D.C.Cir.1971); *see Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 294 F.3d 148, 153 (D.C.Cir. 2002); *Plumb v. Fluid Pump Service*, 124 F.3d 849, 864 (7th Cir.1997). As noted, plaintiff alleges that the Plan has properly and fully assigned to plaintiff its rights to reimbursement and subrogation against defendant and that plaintiff has discretionary authority in the settlement and prosecution of such matters. *See* Complaint ¶¶ 3, 6. Plaintiff further claims that it can prove the assignment by relying on legal documents, specifically the three described in its surreply of February 21, 2002.[7] In light of plaintiff's claim that it is the sole possessor of the rights being asserted against defendant, it is difficult to see how the Court will be unable to accord relief in the absence of the Plan or how defendant will incur multiple or inconsistent obligations by reasons of the claimed interest. *See* Fed.R.Civ.P. 19(a). Furthermore,

since the Plan has not expressed any interest in this action, it appears that the Plan is not a party to be joined if feasible under Rule 19(a).

■ Even if the Court were to treat the Plan as a party to be joined if feasible, the Court would readily conclude that "in equity and good conscience the action should proceed among the parties before it." Fed.R.Civ.P. 19(b). Consideration of the factors enumerated in Rule 19 supports this conclusion. First, a judgment rendered in the Plan's absence will not be prejudicial to the Plan at all if, as plaintiff plausibly claims, the Plan has assigned all reimbursement rights to plaintiff and "possesses no remaining claim against Lee." Plaintiff's Opposition to Motion to Dismiss at 12 ("Pl.Opp."). Neither will defendant suffer prejudice if the Plan is not joined, since she remains free to raise any claim against the Plan in a separate action. To the extent that defendant is prejudiced by the burden of filing a separate claim, the Court finds that prejudice to be minimal and insufficient to justify dismissal of this action.

■ Second, defendant asserts that she will suffer prejudice from the Plan's absence in the form of vulnerability to future lawsuits by the Plan. Such harm, however, is purely speculative and easily avoided by shaping the relief to preclude any future claims of reimbursement under the contract at issue here, by the Plan or by anyone else. Under general principles of *res judicata*, the outcome of a case cannot be held against those who are not parties

---

**6.** Although plaintiff presents this argument as an objection to the lack of privity between *herself* and plaintiff, it is apparent to the Court that the relevant issue is whether there is privity between plaintiff and the Plan.

**7.** As with defendant's motion to dismiss for lack of subject matter jurisdiction, the Court

will not consider the documents submitted by plaintiff in support of its claim of assignment and fiduciary status. Instead, the Court will rely only on plaintiff's statement that it can provide such evidence in support of its allegations.

to the original suit, unless the parties are in privity. *See, e.g., South Central Bell Telephone Co. v. Alabama,* 526 U.S. 160, 167–68, 119 S.Ct. 1180, 143 L.Ed.2d 258 (1999). A party is considered to be "in privity" with another where he is "so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved." *Jefferson School of Social Science v. Subversive Activities Control Bd.,* 331 F.2d 76, 83 (D.C.Cir.1963); *see In re Schimmels,* 127 F.3d 875, 881 (9th Cir.1997). Here, plaintiff alleges that it is in privity with the Plan, since it has been assigned all rights to reimbursement against defendant and "stands in the shoes" of the Plan as its fiduciary. *Fox-Greenwald Sheet Metal Co. v. Markowitz Bros., Inc.,* 452 F.2d at 1357. Based on basic principles of *res judicata,* the strength of plaintiff's claims of privity and the Plan's complete lack of expressed interest in this case, the Court concludes that defendant will not bear any significant risk of future suit over the claims involved in this case.

Third, any judgment rendered in the absence of the Plan will be fully adequate, for the reasons already articulated. Plaintiff seeks to recover money from defendant pursuant to an asserted right of reimbursement established by legal contract. *See* Complaint ¶¶ 5, 19, 22. Plaintiff plausibly asserts that it is the sole possessor of this right, and it is undisputed that the money sought is being held by plaintiff's prior attorney. *See* Status Report at 2. Under these circumstances, the Court sees no reason why adequate relief cannot be awarded without joinder of the Plan. Finally, plaintiff is certain to suffer some degree of prejudice if this case is dis-

missed, since it will be forced unnecessarily to re-initiate suit. For these reasons, the Court concludes that the Plan is not an indispensable party to this litigation and will deny defendant's motion to dismiss based on Rule 19.

### D. Real Party In Interest

■ Defendant's final argument is that this action must be dismissed because the Plan, as holder of the substantive right sought to be enforced, is the real party in interest, as defined in Rule 17 of the Federal Rules of Civil Procedure. *See Price v. Crestar Sec. Corp.,* 44 F.Supp.2d 351, 354 (D.D.C.1999).[8] This argument is incorrect as a matter of law.

As noted above, plaintiff has submitted three documents in support of its claim that the Plan has fully assigned to Primax its right to reimbursement against defendant, which is the substantive right that plaintiff seeks to enforce in this action. *See* Surreply at 1–2 and exhibits; Complaint ¶¶ 3, 6. Because defendant has not challenged the authenticity or content of these documents, the Court will assume, for purposes of defendant's motion to dismiss, that the documents effect a valid assignment of rights from the Plan to plaintiff. In light of this assignment, the Court must conclude that plaintiff is the real party in interest, not the Plan. *See* 4 MOORE'S FEDERAL PRACTICE, § 17.11[1][a] (3d ed. 2002) ("Under a valid assignment, the assignee of a claim becomes the real party in interest for that claim."). This result is compelled even if the assignment is for purposes of collection only. *See id.* at § 17.11[1][c] (under valid assignment for purposes of collection, "[t]he assignee is real party in interest even though assignee must account to the assignor."). Because it is evident that plaintiff is the

---

**8.** Rule 17(a) provides that "[e]very action shall be prosecuted in the name of the real

party in interest."

real party in interest in this matter, the Court denies plaintiff's motion to dismiss under Rule 17.

For all of these reasons, defendant's motion to dismiss the complaint in this case will be denied. An Order consistent with this Opinion will be issued this same day.

SO ORDERED.

### ORDER

For the reasons stated in the Opinion issued this same day, it is hereby

ORDERED that defendant's motion to dismiss [5-1] is DENIED; and it is

FURTHER ORDERED that a meet and confer status conference is scheduled for April 30, 2003 at 9:45 a.m. A Joint Rule 16.3 Report to the Court shall be filed at least seven days prior thereto. Counsel for both parties are instructed to confer with their clients prior to meeting with opposing counsel to draft the Joint Rule 16.3 Report.

SO ORDERED.