John FLYNN et al., Plaintiffs,

v.

**VEAZEY CONSTRUCTION CORP.,**
and Veazey Enterprises, Inc.,
Defendants.

Civil Action No. 03–0745 (RMU).

United States District Court,
District of Columbia.

March 24, 2004.

Ira R. Mitzner, Dickstein, Shapiro, Morin & Oshinsky, LLP, Washington, DC, for Plaintiffs.

Elizabeth Torphy–Donzella, Shawe & Rosenthal, LLP, Baltimore, MD, Samuel E. Hooper, Neel & Hooper, P.C., Houston, TX, for Defendant.

## *MEMORANDUM OPINION*

URBINA, District Judge.

GRANTING THE PLAINTIFFS LEAVE TO FILE A SUR–REPLY; DENYING THE DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

### I. INTRODUCTION

This case comes before the court on the plaintiffs' motion for leave to file a sur-reply and on the defendants' motion to dismiss or, in the alternative, to transfer. The plaintiffs seek to recover delinquent contributions under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* First, because the defendants raise arguments for the first time in their reply, the court grants the plaintiffs' motion for leave to file a sur-reply. Second, because the plaintiffs have asserted fiduciary status, claims for delinquent contributions are not benefits under ERISA, and venue is proper in this district, the court denies the defendants' motion to dismiss. Finally, because the convenience of the parties and the witnesses and the interest of justice do not favor transfer, the court denies the motion to transfer.

### II. BACKGROUND

#### A. Factual Background

The plaintiffs are trustees of the Bricklayers and Trowel Trades International Pension Fund ("IPF"), which is a multi-employer employee benefit plan under ERISA. Compl. ¶¶ 1, 3. The plaintiffs allege that they are authorized to effect collections on behalf of the IPF as well as on behalf of the Bricklayers & Allied Craftworkers International Health Fund ("IHF"), the International Masonry Institute ("IMI"), and the Bricklayers & Allied Craftworkers International Union ("BAC"). *Id.* ¶ 4. In addition, the plaintiffs claim that they are authorized, pursuant to an assignment of claims, to effect collections for Bricklayers Local 1 Texas, Louisiana & New Mexico funds, the Bricklayers Gulf Coast Pension Fund, the Bricklayers Apprenticeship and Training Fund of Houston–Galveston and BAC Processing Office (collectively, "the Local Unions"). *Id.*

The plaintiffs assert that the defendants executed a collective-bargaining agreement with the International Union of Bricklayers and Allied Craftsmen and its affiliated Local Unions, which obligated the defen-

dants to make certain payments to the BAC, IPF, IHF, IMI, and the Local Unions on behalf of their covered employees. *Id.* ¶¶ 8, 11. Despite their obligations under the collective-bargaining agreement, the plaintiffs contend that the defendants failed to make all required contributions. *Id.* ¶ 12.

## B. Procedural History

On March 24, 2003, the plaintiffs filed their complaint pursuant to section 502(a)(3) of ERISA. 29 U.S.C. § 1132(a)(3), and section 301 of the National Labor Relations Act, 29 U.S.C. § 185. In response, on May 21, 2003, the defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(3) for improper venue. In the alternative, the defendants ask the court to transfer venue pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). On July 2, 2003, the plaintiffs filed a motion for leave to file a sur-reply. The court now turns to those motions.

## III. ANALYSIS

### A. Legal Standard for Leave to File a Sur–Reply

■ The decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court. *Am. Forest & Paper Ass'n, Inc. v. Envtl. Prot. Agency*, 1996 WL 509601, at *3 (D.D.C. Sept.4, 1996). If the movant raises arguments for the first time in his reply to the non-movant's opposition, the court will either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting leave to file a sur-reply. *Ben–Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C.Cir.2003); *Natural Res. Def. Council, Inc. v. Envtl. Prot. Agency*, 25 F.3d 1063, 1072 n. 4 (D.C.Cir.1994); *Pa. Elec. Co. v.*

*Fed. Energy Regulatory Comm'n*, 11 F.3d 207, 209 (D.C.Cir.1993); *see also Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 195 (D.C.Cir.1992) (acknowledging that consideration of arguments raised for the first time in a reply would be "manifestly unfair" to the respondent); *Corson & Gruman Co. v. Nat'l Labor Relations Bd.*, 899 F.2d 47, 50 n. 4 (D.C.Cir.1990) (requiring parties to raise all of their arguments in their opening briefs "to prevent sandbagging"); *Robinson v. Detroit News, Inc.*, 211 F.Supp.2d 101, 113 (D.D.C.2002) (denying leave to file a sur-reply where the proposed sur-reply merely reiterated prior arguments); *Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D.D.C.2001) (denying leave to file a sur-reply where the plaintiff failed to demonstrate that the defendant's reply presented any new matters).

### B. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(1)

■ Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C.Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)). On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir.

1999); *Rasul v. Bush,* 215 F.Supp.2d 55, 61 (D.D.C.2002) (citing *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 182–83, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). The court may dismiss a complaint for lack of subject-matter jurisdiction only if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Empagran S.A. v. F. Hoffman–LaRoche, Ltd.,* 315 F.3d 338, 343 (D.C.Cir.2003) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

■ Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States,* 334 F.3d 61, 64, 69 (D.C.Cir.2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft,* 185 F.Supp.2d 9, 13 (D.D.C.2001). Moreover, the court is not limited to the allegations contained in the complaint. *Hohri v. United States,* 782 F.2d 227, 241 (D.C.Cir.1986), *vacated on other grounds,* 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). Instead, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis.,* 974 F.2d 192, 197 (D.C.Cir. 1992).

### C. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(3)

■ To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue. *2215 Fifth St. Assocs. v. U–Haul Int'l, Inc.,* 148 F.Supp.2d 50, 54 (D.D.C.2001) (citing 5A FED. PRAC. & PROC. 2d § 1352). In this circuit, there is "little case law on the question of where the burden of persuasion lies when a plaintiff's

choice of venue is challenged." *Johnson v. Wash. Gas Light Co.,* 89 F.Supp.2d 45, 47 (D.D.C.2000). Courts in the Fourth Circuit, however, have held that the plaintiff usually bears the burden of establishing that venue is proper. *Gov't of Egypt Procurement Office v. M/V ROBERT E. LEE,* 216 F.Supp.2d 468, 471 (D.Md.2002); *Dunham v. Hotelera Canco S.A. de C.V.,* 933 F.Supp. 543, 550 (E.D.Va.1996); *see also* 5A FED. PRAC. & PROC. 2d § 1352 (noting that placing the burden on the plaintiff "seems correct inasmuch as it is plaintiff's obligation to institute his action in a permissible forum, both in terms of jurisdiction and venue").

### D. The Court Grants the Plaintiff's Leave to File a Sur-reply

■ As a threshold matter, the court addresses the plaintiffs' motion to file a sur-reply. The plaintiffs contend that in their reply brief, the defendants make a new argument that they had not previously raised. Pls.' Mot. for Leave to File a Sur-reply at 1. Accordingly, the plaintiffs request leave to file the sur-reply attached as an exhibit to their motion. The court agrees that the defendants raise a new argument for the first time in their reply brief. Specifically, the defendants argue that ERISA's anti-alienation provision, 29 U.S.C. § 1056(d)(1), precludes assignment of the IHF, IMI and Local Unions claims. Defs.' Reply at 2. Because the defendants did not assert the anti-alienation argument in their opening brief, the court grants the plaintiffs' motion for leave to file a sur-reply to address this point and considers that sur-reply in ruling on the defendants' motion. *Ben–Kotel,* 319 F.3d at 536.

### E. The Court Denies the Defendants' Rule 12(b)(1) and (b)(3) Motions to Dismiss

The defendants make several arguments for dismissal, none of which the court finds persuasive. As an initial matter, the de-

fendants claim that because none of the plaintiffs are a participant, beneficiary or fiduciary of the IHF, IMI or Local Union funds, they are not the proper parties to bring suit.[1] Defs.' Mot. at 6–7. Essentially, the defendants argue that the plaintiffs do not have standing. In response, the plaintiffs point out that in the complaint specifically alleges that the IHF, IMI and Local Union funds assigned their claims to the plaintiffs. Pls.' Opp'n. at 5; Compl. ¶ 4. In their reply brief, the defendants assert the additional argument that ERISA's anti-alienation provision, 29 U.S.C. § 1056(d)(1), bars the plaintiffs from effecting collections on behalf of the IMI, IHF and Local Union funds. Defs.' Reply at 3. In addition, the defendants also argue that venue is improper in the District of Columbia for the IHF, IMI and Local Unions.

1. **The Court Concludes That It Has Subject–Matter Jurisdiction Because the Plaintiffs Have Derivative Standing**

■ The court first concludes that the IHF, IMI and Local Unions' may assign their claims for delinquent contributions to the plaintiffs. *Cagle v. Bruner,* 112 F.3d 1510, 1515 (11th Cir.1997) (noting that " § 1132(a) does not preclude assignees from enforcing rights assigned to them by those listed in the statute as permissible plaintiffs"); *cf. Tex. Life, Accident, Health & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord Entm't Co.,* 105 F.3d 210, 215 (5th Cir.1997) (granting derivative standing to assignees of breach of fiduciary duty claims); *Kennedy v. Connecticut Gen. Life Ins. Co.,* 924 F.2d 698, 700–01 (7th Cir. 1991) (holding that an assignee of medical benefits has derivative standing to sue under ERISA). Because the plaintiffs have asserted that the IHF, IMI and Local Unions assigned them the right to effect collections, the plaintiffs have asserted fiduciary status. Compl. ¶ 4; *Blue Cross & Blue Shield v. Sanders,* 138 F.3d 1347, 1352 (11th Cir.1998) (stating that subject-matter jurisdiction exists so long as the plaintiff is "plausibly a fiduciary"); *Flynn v. Ohio Bldg. Restoration, Inc.,* 260 F.Supp.2d 156, 168 (D.D.C.2003) (noting that collection of delinquent contributions is a fiduciary obligation); *Primax Recoveries, Inc. v. Lee,* 260 F.Supp.2d 43, 46–47 (D.D.C.2003) (holding that at the motion to dismiss stage, the plaintiff need only assert, not prove, fiduciary status). Thus the court cannot conclude beyond doubt that the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. *Empagran S.A.,* 315 F.3d at 343.

■ The defendants' second argument regarding ERISA's anti-alienation provision fails because the anti-alienation provision explicitly applies only to "benefits."[2] 29 U.S.C. § 1056(d). Here, the plaintiffs allege that the IHF, IMI and Local Unions have assigned not benefits, but claims to recover delinquent contributions. Compl. ¶ 4. Because claims for delinquent contributions seek to recover money for the plans themselves, claims for delinquent contributions are not "benefits" under § 1056(d). *Tex. Life,* 105 F.3d at 215 (stating that the term "benefits" refers to a plan participants' or beneficiaries' right to receive payments); *Acosta v. Pac. Enters.,* 950 F.2d 611, 619 (9th Cir.1991) (holding that the term "benefit" refers to a

---

**1.** The defendants do not assert any argument with regard to the BAC's claims and do not contest the plaintiffs' assertion that § 301 of the National Labor Relations Act, 29 U.S.C. § 185 confers jurisdiction over the BAC claim. *See generally* Defs.' Mot.

**2.** Section 1056(d)(1) states that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(1).

participant's or beneficiary's right to receive monies from the plan administrators or trustees); *Mack Boring Parts v. Meeker Sharkey Moffitt*, 930 F.2d 267, 273 (3rd Cir.1991) (stating that "benefits," as used under ERISA "refers only to payments due to the plan participants or beneficiaries"). Furthermore, allowing derivative standing for collection of delinquent payments will not frustrate the goal of ERISA's prohibition against assignment of benefits. *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 845 F.2d 1286, 1289 (5th Cir.1988) (stating that the purpose of ERISA's proscription on assignment of pension benefits is to insure that the employee's accrued benefits are actually available for retirement purposes). Because the anti-alienation provision in ERISA is inapplicable to claims for delinquent funds, it does not appear beyond doubt that the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. *Empagran S.A.*, 315 F.3d at 343. Accordingly, the court denies the defendants' Rule 12(b)(1) motion to dismiss. *Id.*

## 2. The Court Concludes That Venue Is Proper In the District of Columbia Because the IPF Is the Real Party In Interest

The defendants also contend that the court should dismiss the plaintiffs' claims because venue is not proper in the District of Columbia. Defs.' Mot. at 7. While the defendants concede that venue is proper as to the IPF because it is administered in Washington, D.C., they argue that venue is improper in this district with respect to the remaining plaintiffs. *Id.* Specifically, the defendants claim that the plaintiffs do not indicate where the administration of the IHF, IMI and Local Union funds takes place. *Id.* The plaintiffs respond by arguing that pursuant to the assignment of the IHF, IMI, BAC and Local Union claims, the IPF is the real party in interest and

that as such, it is where the plaintiffs administer the IPF that controls venue. Pls.' Opp'n at 11.

■ Under § 502(e)(2) of ERISA, a party may bring suit in the district in which the plan is administered. 29 U.S.C. § 1132(e)(2). In their submissions, the plaintiffs clearly indicate that the IHF, IMI, BAC and Local Unions have assigned their claims for delinquent contributions to the plaintiffs. Pls.' Opp'n Ex. 1. ¶¶ 1, 6. Accordingly, the plaintiffs are the real party in interest. *Primax Recoveries, Inc. v. Lee*, 260 F.Supp.2d 43, 52 (D.D.C.2003) (holding that the assignee of a claim becomes the real party in interest for that claim); *Honey v. George Hyman Constr. Co.*, 63 F.R.D. 443, 447 (D.D.C.1974) (stating that it is "well settled that an assignee for purposes of collection is a real party in interest"). Because the plaintiffs are the real party in interest for the IHF, IMI, BAC and Local Unions claims and they administer the IPF in this district, venue is proper in this district under 29 U.S.C. § 1132(e)(2). *Accord Dixie Portland Flour Mills, Inc. v. Dixie Feed & Seed Co.*, 382 F.2d 830, 833 (6th Cir.1967) (concluding that where an Ohio corporation assigned its claim to a Tennessee corporation, the Tennessee corporation was the only real party in interest and that as a result, venue was proper in Tennessee); *Bastille Props. Inc., v. Hometels of Am., Inc.*, 476 F.Supp. 175, 178 (S.D.N.Y.1979) (citing *Dixie Portland* for the proposition that venue was proper in New York after the sole foreign co-plaintiff assigned its claim to its New York co-plaintiff).

## F. The Court Denies the Defendants' Motion to Transfer Because the Convenience of the Parties and Witness and the Interests of Justice Do Not Warrant Transfer

■ Finally, the defendants argue for transfer pursuant to 28 U.S.C.

§ 1404(a). Defs.' Mot. at 9. Section 1404(a) authorizes a court to transfer a civil action to any other district where it could have been brought "for the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). In addition, section 1404(a) vests "discretion in the district court to adjudicate motions to transfer according to [an] individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 27, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). Under this statute, the moving party bears the burden of establishing that transfer is proper. *Trout Unlimited v. Dep't of Agric.,* 944 F.Supp. 13, 16 (D.D.C.1996).

 In the ERISA context, a defendant seeking a transfer of venue has the additional burden of surmounting ERISA's special venue provision. 29 U.S.C. § 1132(e)(2); *Flynn v. Daly & Zilch Mason Contractors, Inc.,* No. 00–3027, slip op. at 1–2 (D.D.C. June 6, 2001). This provision states:

> [W]here an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2). By allowing the action to occur in the district where the plan is administered, the special venue provision makes collection efforts efficient, economical, and inexpensive for ERISA funds, fulfilling Congress's intent to protect the financial integrity of such funds. *Int'l B'hood of Painters & Allied Trades Union v. Best Painting & Sandblasting Co.,* 621 F.Supp. 906, 907 (D.D.C.1985); *Dugan v. M & W Dozing & Trucking, Inc.,* 727 F.Supp. 417, 419 (N.D.Ill.1989). Accordingly, courts give special weight to a plaintiff's choice of forum in ERISA cases. *Flynn v. Ravare Masonry, Inc.,* No. 01–1236, slip op. at 1–2 (D.D.C. Jan. 3, 2002); *Joyce v. E. Concrete Paving Co.,* 1996 WL 762323, at *1 (D.D.C. Sept.5, 1996).

In support of their motion, the defendants state that the parties entered into the collective-bargaining agreement in Houston, the alleged breach of the agreement occurred in Houston, the defendants maintain offices and conduct business in Houston and virtually all potential witnesses to the suit reside in Houston. Defs' Mot. at 10. The plaintiffs respond by stressing that ERISA's specific venue provision provides that suit "may be brought where the plan is administered," the special deference accorded an ERISA plaintiff's choice of forum, deference generally accorded the plaintiff's choice of forum, and the fact that, contrary to the defendants' representations, several witnesses and records are located in the District of Columbia. Pls.' Opp'n at 15–26.

Because of the special weight ERISA accords a plaintiff's choice of forum, the court need not engage in a lengthy analysis to determine that transfer is not warranted. Indeed, under similar conditions, members of this court have cited ERISA's special venue provision in rejecting virtually every attempt to transfer ERISA actions under § 1404(a). *See e.g., Flynn v. Fishcer Tile & Marble, Inc.,* No. 01–0098, slip op. at 6–7 (D.D.C. Feb. 5, 2002) (denying motion to transfer pursuant to § 1404(a)); *Ravare Masonry,* No. 01–1236, slip op. at 1–2 (same); *Daly & Zilch Mason Contractors, Inc.,* No. 00–3027, slip op. at 1–2 (same); *Joyce v. Kanphus Exterior Panel Co.,* No. 99–3362, slip op. at 1–2 (D.D.C. Apr. 14, 2000) (same); *Joyce v. R & R Ceramics, Inc.,* No. 99–1697, slip op.

at 1–3 (D.D.C. Sept. 28, 1999) (same); *Joyce v. Glenn's Tile, Inc.,* No 97–1982, slip op. at 5 (D.D.C. July 16, 1998) (same); *E. Concrete Paving Co.,* 1996 WL 762323, at *1 (same).

■ The defendants' premise their asserted reasons for transfer on the fact that the defendants' employers and records are located in Texas. Defs.' Mot. at 10. Forcing ERISA plaintiffs to litigate claims where each employer resides, however, would undermine the financial integrity of the funds, defeating the goal of efficient administration of ERISA plans. *Dugan,* 727 F.Supp. at 419. Further, although the defendants assert that virtually all potential witnesses reside in Texas, the plaintiffs indicate that, to the contrary, many of their witnesses and records are located in the District of Columbia.[3] Pls.' Opp'n at 23–24. Accordingly, the court concludes that in light of the special deference accorded ERISA plaintiffs, the convenience of parties and witnesses and the interest of justice does not favor transfer. *Daly & Zilch Mason Contractors, Inc.,* No. 00–3027, slip op. at 1–2; *Stewart Org.,* 487 U.S. at 27, 108 S.Ct. 2239.

## IV. CONCLUSION

For the foregoing reasons, the court grants the plaintiffs' motion for leave to file a sur-reply and denies the defendants' motion to dismiss or to transfer. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 24th day of March, 2004.

---

**3.** Neither party gives an exact count of the witnesses and records that reside in either locale.