INTERNATIONAL PAINTERS AND
ALLIED TRADES INDUSTRY
PENSION FUND, Plaintiff,

v.

TRI–STATE INTERIORS,
INC., Defendant.

No. CIV.A.03–2077(CKK).

United States District Court,
District of Columbia.

June 12, 2004.

Sanford G. Rosenthal, Jennings Sigmond, Philadelphia, PA, for Plaintiff.

George L. Garrow, Jr., Garrow & Evans LLP, Washington, DC, for Defendant.

## MEMORANDUM OPINION

KOLLAR–KOTELLY, District Judge.

Presently before the Court is Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). Plaintiff filed this action in the United States District Court for the District of Columbia, alleging that, contrary to the requirements of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et. seq.*, Defendant failed to make full and timely payment of pension fund contributions as required by 29 U.S.C. § 1145. After reviewing Defendant's Motion to Transfer Venue, Plaintiff's Opposition,[1] and the applicable law, the Court shall deny Defendant's Motion to transfer this action to the United States District Court for the Northern District of Iowa, as venue in this Court is both permissible and proper.

## I: BACKGROUND

Plaintiff ("Plaintiff–Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and a multi-employer and employee benefit pension plan under 29 U.S.C. § 1002(37). Pl.'s Mem. of P. & A. in Opp'n to Def.'s Mot. to Transfer Venue ("Pl.'s Mem.") at 1; Def.'s Br. in Supp. of Def.'s Mot. to Transfer Venue ("Def.'s Br.") at 3. Plaintiff–Fund is administered in Washington, D.C. and maintains its principal place of business in the District of Columbia. Pl.'s Mem. at 1; Def's Br. at 3. Plaintiff–Fund filed this ERISA action in the United States District Court for the District of Columbia after Defendant, an Iowa corporation with its principal place of business in Iowa, allegedly became delinquent in its required monthly contributions to Plaintiff–Fund. *See* 29 U.S.C. § 1145; Compl. at ¶¶ 5–35. Although Defendant concedes that venue in this Court is permissible under 29 U.S.C. § 1132(e)(2), *see* Def.'s Br. at 4,[2] Defendant has filed a Motion to Transfer Venue to the United States District Court for the Northern District of Iowa on the grounds that the convenience of the parties and witnesses, along with the interest of justice, will be served by a transfer to this venue. 28 U.S.C. § 1404(a); Def.'s Mot. to Transfer Venue at 1.

## II: LEGAL STANDARD

Pursuant to 29 U.S.C. § 1132(e)(2), venue in an ERISA action is proper in either (1) the district where the pension plan is administered, (2) the district where the breach took place, or (3) the district where the defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Even if venue in a given district is proper, a court may use its discretion to transfer an action to another district "for convenience of parties and witnesses" or "in the interest of justice," as long as venue in the new forum also would have been proper. 28 U.S.C. § 1404(a).

▬▬ In deciding whether to grant such a motion to transfer, this Court agrees that a "plaintiff's choice of forum is due substantial deference and, unless the balance of convenience is strongly in favor of the defendants, should rarely be disturbed." *Int'l Bhd. of Painters & Allied Trade Union v. Best Painting & Sandblasting Co.*, 621 F.Supp. 906, 907 (D.D.C.

---

1. The Court notes that no reply was filed in this motion.

2. Defendant argues that, because the alleged breach took place in Iowa and because Defendant resides in Iowa, the Court should permit the transfer of venue; however, Defendant concedes that this action was permissibly brought in the District of Columbia because the ERISA pension plan is administered in this district. *See* 29 U.S.C. § 1132(e)(2); Def.'s Br. at 4.

1985) (citing *Gross v. Owen,* 221 F.2d 94, 95 (D.C.Cir.1955)). Plaintiff's venue selection is given even *greater* deference in ERISA cases, as ERISA's special venue provision, 29 U.S.C. § 1132(e)(2), reflects Congress' intention to protect the financial integrity of such pension funds by allowing these funds to bring all collection suits in their home districts. *Flynn v. Veazey,* 310 F.Supp.2d 186, 193 (D.D.C.2004) (emphasizing that Congress intended to make collection efforts "efficient, economical, and inexpensive" by enacting ERISA's special venue provision).[3] Furthermore, a plaintiff's choice of forum is given additional deference when the plaintiff is a resident of the forum district. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Thayer/Patricof Ed. Funding, LLC v. Pryor Resources,* 196 F.Supp.2d 21, 31 (D.D.C.2002).

■ Although this Court considers the weight due a plaintiff's choice of forum, along with the factors of convenience and justice, on a case-by-case basis, the moving party bears the burden of persuading the Court that a transfer is warranted. *Flynn,* 310 F.Supp.2d at 193; *see also, Best Painting,* 621 F.Supp. at 907. Thus, to prevail on a motion to transfer venue in an ERISA action filed in the plaintiff's home district, the defendant must convince the court that the particularly strong deference given to the plaintiff's choice of forum is outweighed by either (1) the convenience of the parties, (2) the convenience of the witnesses, or (3) the interest of

justice. *See Flynn,* 310 F.Supp.2d at 193–94.

## III: DISCUSSION

■ As both parties agree, venue in the District Court for the District of Columbia is permissible under 29 U.S.C. § 1132(e)(2), because Plaintiff–Fund is administered in this district. *See* 29 U.S.C. § 1132(e)(2). Venue in the District Court for the Northern District of Iowa would also be permissible under this statute, as Defendant resides in that district. *Id.* Thus, it is within the authority of this Court to transfer the present action to the Northern District of Iowa if the convenience of the parties and witnesses, or the interest of justice, necessitate such a transfer. *Id.*

In resolving the present motion, the Court considers each of the above factors to determine whether, despite Plaintiff's strong interest in its choice of its home forum, transfer to the United States District Court for the Northern District of Iowa is nonetheless warranted. The Court first considers Defendant's arguments regarding the inconvenience of litigation in the District of Columbia, looking to caselaw for guidance on how similar arguments have previously been received. The Court then considers whether the interest of justice would be served by a transfer to the Northern District of Iowa, taking account of the special circumstances surrounding ERISA litigation. Together, these inquiries reveal that granting Defendant's Mo-

---

**3.** Defendant argues that Plaintiff's choice of forum should not be afforded such strong deference, because the only contact between the forum state and the action is that the Plaintiff–Fund is administered in Washington, D.C. *See Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Cond., Inc.,* 702 F.Supp. 1253, 1256 (E.D.Va.1988) (holding that "the plaintiff's choice is entitled to less weight where there is little to connect the chosen forum with the cause of action."), *cited in* Def.'s Br. at 4–5. This Court has implicitly rejected this argument in similar ERISA cases. *See, e.g., Flynn,* 310 F.Supp.2d at 193–94 (acknowledging the case's minimal connection to Washington, D.C., but nonetheless giving ERISA plaintiff's choice of forum special weight. The court also cites seven slip opinions from this jurisdiction doing the same).

tion to Transfer Venue would be inconsistent with well-established ERISA caselaw and would not promote the interest of justice.

## A. *Convenience of the Parties*

Defendant, a small painting and home remodeling company located in Sioux City, Iowa, argues that litigating this dispute in the District of Columbia would be unduly burdensome for the company, particularly given the relatively small amount in controversy.[4] Def.'s Br. at 5–6. Defendant further argues that a transfer to the Northern District of Iowa would be less burdensome for Plaintiff than for Defendant, because Plaintiff has hired out-of-forum counsel and thus must incur litigation expenses regardless of venue. *Id.* Plaintiff disagrees, however, noting that a transfer would force it to hire new counsel in Iowa and incur significantly greater travel costs. Pl.'s Mem. at 14. Because transferring the action to the Northern District of Iowa would merely "shift the balance of inconvenience from Defendant to Plaintiff," convenience of the parties is, itself, insufficient to persuade this Court that a transfer is warranted. *See Trs. of the Hotel Employees & Rest. Employees Int'l Union Welfare Pension Fund v. Amivest Corp.,* 733 F.Supp. 1180, 1183 (N.D.Ill.1990) (holding that, where ERISA litigants face mutually inconvenient forums, the "congressional intent in favor of the financial integrity of the employee benefit plans tips the scale radically in favor of the [t]rustees."); *see also* Def.'s Br. at 6 (admitting that a "mere shift in inconvenience is not, by itself, sufficient to warrant a transfer of venue under 28 U.S.C. § 1404." *Cent. States, Southeast and Southwest Areas Pension Fund v. Brown,* 587 F.Supp. 1067, 1070 (N.D.Ill.1984)).

## B. *Convenience of the Witnesses*

Defendant also contends that its witnesses, which may include employees, in-house accountants, and a local Union representative, would be inconvenienced by a trial in the District of Columbia. Def's Br. at 6. Again, however, the result of a transfer would simply be to shift the inconvenience from Defendant's witnesses to Plaintiff's witnesses. Furthermore, because much of the evidence pertinent to this matter takes the form of time cards, bank account records, and other documents, the concern for personal witness inconvenience is lessened. *See Hanley v. Omarc,* 6 F.Supp.2d 770, 775 (N.D.Ill.1998) (finding that "either party can easily bring to the district those documents that are not there already."). Thus, as this Court has consistently held in cases where witness inconvenience is offsetting, Defendant's arguments are inadequate to outweigh the "special deference accorded ERISA plaintiffs." *See, e.g., Flynn,* 310 F.Supp.2d at 194 (citing seven additional slip opinions from this jurisdiction reaching the same conclusion).

## C. *The Interest of Justice*

Defendant's final contention is that the interest of justice would be served by a transfer to the Northern District of Iowa. Def.'s Br. at 6–7. The Court is not persuaded by this argument. Although Tri-State may have more limited resources than the Plaintiff–Fund, the latter is not acting as a for-profit corporation, but rather as a fiduciary, entrusted to conserve resources for its beneficiaries. *See* 28 U.S.C. § 186(c)(5); Pl.'s Mem. at 5. If allegedly delinquent pension fund contributors such as Defendant were regularly granted venue transfers, pension funds such as Plaintiff–Fund would be forced to

---

4. Plaintiff–Fund's claim is in the amount of $8,392.11, plus any additional amounts re-

vealed by an audit of Tri–State Interiors' records. Compl. at ¶¶ 13, 17.

58

incur enormous, if not prohibitively high, expenses to collect unpaid monies—a situation Congress explicitly sought to prevent when it enacted ERISA's special venue provisions. *See Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heat & Air Cond., Inc.,* 702 F.Supp. 1253, 1256 (E.D.Va.1988) (noting that ERISA's venue provision was explicitly intended to "remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities under state law for recovery of benefits due to participants," H.R.Rep. No. 93–533 at 17 (1973), *reprinted in* 1974 U.S.C.C.A.N. 4639, 4655)). The Court finds that the interest of justice weighs against Defendant's Motion to Transfer Venue.

Furthermore, the interest of justice suggests that this matter remain in the District of Columbia for adjudication because subjecting pension funds to uniform interpretation of the complex ERISA laws is vital to the efficient administration of such funds. *See Flynn,* 310 F.Supp.2d at 194. Forcing parties such as Plaintiff–Fund to litigate delinquency claims in multiple districts would cause an unnecessary dissipation of the pension funds' resources and may encourage fund contributors to default on their obligations more frequently, with the knowledge that the funds may be financially unable to enforce their legal rights in foreign districts. *See id.*

### IV: CONCLUSION

A defendant requesting a transfer of venue in an ERISA case filed in the pension fund's home district faces an uphill battle, as the defendant must persuade the court that either the convenience of the parties or the witnesses, or the interest of justice, strongly outweigh the substantial deference given to a plaintiff's choice of forum in these cases. *See Best Painting,* 621 F.Supp. at 907. Defendant in this case has failed to meet this elevated burden.

For the reasons stated above, Defendant's Motion to Transfer is denied. An appropriate Order accompanies this Memorandum Opinion.